William E. FULLER, Plaintiff–Appellant,

v.

Anthony M. FRANK, Postmaster General; Mary Frank, Defendants–Appellees.

No. 89–15559.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1990.

Decided Oct. 11, 1990.

---

William R. Beacham, San Francisco, Cal., for plaintiff-appellant.

Lori J. Dym, U.S. Postal Service, Washington, D.C., Elizabeth Trager, Asst. U.S. Atty., San Francisco, Cal., for defendants-appellees.

Before NELSON and TROTT, Circuit Judges, and TASHIMA, District Judge.*

TASHIMA, District Judge:

Plaintiff William Fuller ("Fuller"), an admitted alcoholic, brought this action under

---

* Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

the Rehabilitation Act of 1973 (the "Act").[1] He claims that his termination from employment as a letter carrier by defendant, the Postmaster General (the "Postal Service"), constituted handicap discrimination because the Postal Service failed to "reasonably accommodate" his alcoholism. The district court concluded that there was no genuine issue of fact as to whether the Postal Service had reasonably accommodated Fuller's alcoholism and granted summary judgment in defendant's favor. We agree with the district court and affirm.

## BACKGROUND

Fuller is an admitted alcoholic. By his own testimony, he generally drank a pint of hard liquor and several six-packs of beer each day during the height of his drinking problem. He would begin drinking early in the morning and would continue drinking throughout the day.

Fuller's problems at the Postal Service began in 1976, when he was excessively absent and took excessive sick leaves. In response, Fuller's supervisor referred him to the Postal Service's Employee Assistance Program ("EAP"), early in 1977. The EAP was the Postal Service's in-house counseling program. It provided basic counseling and referrals to professionals. Later that year, Fuller was "detoxified" at a hospital. He returned to work and briefly participated in the EAP.

In January, 1983, Fuller was issued a letter of warning for unscheduled absences and undependability. That letter listed days he had been absent without leave and his excessive use of leave time. He was again referred to the EAP. Later that year, Fuller entered an in-patient treatment facility for cocaine abuse.

He returned to work, but late in 1983 was suspended for five days for being absent without leave. As part of that discipli-

nary action, Fuller signed a "structured agreement" which required him to participate in the EAP. However, early in 1984, the EAP notified Fuller's supervisor that Fuller had attended only one meeting. No further action was taken at that time.[2]

In 1985, Fuller's supervisor, Paul Goodwin, took Fuller to the hospital for detoxification. Two days later, Fuller called and stated that he would be entering a Veterans Administration treatment program. He was allowed leave without pay to obtain that treatment.

Upon return from that treatment, Fuller's problems continued to affect his work performance. In July, 1985, a supervisor found Fuller drunk, using profanity and threatening a member of the public while on the job. In response, the Postal Service issued a "notice of proposed removal." After the union intervened on Fuller's behalf, a settlement was reached under which Fuller was suspended for two months, and was required to "actively participate" in the EAP for at least 12 months. That signed agreement was referred to as the "last chance agreement," because it warned Fuller that his failure "to adhere to these conditions or to commit similiar [sic] infractions, shall constitute just cause for his removal."

Just two months after the last chance agreement was signed, however, Fuller was found off his route, having left his postal vehicle unattended for 45 minutes. Fuller had been drinking and had left the vehicle unlocked with mail and alcohol in it. In response to this incident, as well as Fuller's failure to participate in the EAP program as required by the last chance agreement, in February of 1986, the Postal Service proposed Fuller's removal. The decision to remove Fuller was made Feb. 27, 1986, effective March 17, 1986.

---

**1.** 29 U.S.C. § 790 *et seq.* Plaintiff sues under both §§ 791 & 794. However, federal employees have no right of action under § 794; therefore, summary judgment was proper on that claim. *Johnston v. Horne,* 875 F.2d 1415, 1421 (9th Cir.1989).

**2.** The parties disagree about the purpose of 360 hours of leave in 1984. Fuller contends on appeal that the 1984 leave was for injuries sustained in an auto accident. Although it is not clear that this assertion was ever made a part of the record, we assume for the purposes of this summary judgment that plaintiff's representation is accurate.

Thus, other than counseling and Alcoholics Anonymous, Fuller received treatment for his alcoholism on at least three occasions before he was dismissed: in 1977 (detoxification); in 1983 (for cocaine); and in 1985 (for cocaine and alcohol). He was disciplined three times: in 1983, 1985, and 1986. On each occasion before his termination, Fuller was specifically required to obtain help for his alcoholism.

Fuller appealed his dismissal to the Merit Systems Protection Board and the Equal Employment Opportunity Commission, both of which affirmed the dismissal. He then filed this action in the district court, alleging that his dismissal violated the Act.

## ISSUE

Did the Postal Service reasonably accommodate Fuller's alcoholism handicap.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*. *Cook Inlet Native Ass'n v. Bowen*, 810 F.2d 1471, 1473 (9th Cir.1987).

## DISCUSSION

■ Regulations promulgated under 29 U.S.C. § 791 [3] require governmental employers to:

make reasonable accommodation to the known physical or mental limitations of a qualified handicapped applicant or employee unless the agency can demonstrate that the accommodation would impose an undue hardship on the operation of its program.

29 C.F.R. § 1613.704(a). Alcoholism is a covered handicap under this section. *See Crewe v. U.S. Office of Personnel Management*, 834 F.2d 140, 141 (8th Cir.1987); *Ruzek v. General Services Administration*, 7 MSPB 307, 7 M.S.P.R. 437 (1981).[4] This regulation contains essentially three elements: (1) plaintiff must be a "qualified" handicapped individual; (2) the agency must make "reasonable accommodation" to the handicap; and (3) the accommodation need not be made if it would impose an "undue hardship." Because we hold that the Postal Service made a "reasonable accommodation," we need not address the other two elements of the regulation.[5]

■ In the context of alcoholism, "reasonable accommodation" must be limited in scope; continued "accommodation" would simply enable an alcoholic to continue his or her drinking.

[B]oth effective treatment and the needs of the workplace require that an alcoholic employee be firmly confronted with the consequences of his drinking. Excessive sensitivity is no more conducive to a cure than is undue rigor, and in the final analysis "reasonable accommodation" is the establishment of a process which embodies a proper balance between the two.

*Rodgers v. Lehman*, 869 F.2d 253, 259 (4th Cir.1989).

The Postal Service's actions satisfied the test set forth in *Rodgers*, which we hereby

3. This section requires that the Postal Service (along with all federal executive branch agencies) "submit ... an affirmative action program plan for the hiring, placement, and advancement of individuals with handicaps...."

4. Defendant contends that the Americans with Disabilities Act (ADA), 136 Cong.Rec. H4582 (Jul. 12, 1990) (Conference Committee Report), excludes plaintiff from the protections of the Rehabilitation Act of 1973. Defendant cites § 512(a) of the ADA, which amends the definition of persons with handicaps (by creating a new 29 U.S.C. § 706(8)(C)) to exclude certain *classes of persons*, including alcoholics whose drinking affects their job performance or constitutes a threat to property or safety.

However, the amendment specifically states that the exclusion applies only to sections 503 and 504 of the Rehabilitation Act. Those sections are codified at 29 U.S.C. §§ 793 and 794. It does *not* exclude alcoholics from § 791. This may be a technical error, since a virtually identical exclusion already applies to §§ 793 and 794. *See* 29 U.S.C. § 706(8)(B). Nonetheless, Congress' plain language must be applied. Since the ADA does not apply to § 791, we need not decide whether it should be retroactively applied to this case.

5. We assume without deciding that Fuller was a "qualified" employee under the Act. Because of our disposition, we need not decide whether Fuller's practice of drinking on the job (which included driving a postal jeep) rendered him unqualified for the position, as the Postal Service contends.

adopt. Under *Rodgers*, "reasonable accommodation" requires that a governmental employer follow a progression of increasingly severe responses to an employee's alcoholism. The employer should (1) inform the employee of available counseling services; (2) provide the employee with a "firm choice" between treatment and discipline; (3) afford an opportunity for outpatient treatment, with discipline for continued drinking or failures to participate; (4) afford an opportunity for inpatient treatment, if outpatient treatment fails; and (5) absent special circumstances, discharge the employee for any further relapse. *Id.*

■ In this case, the Postal Service provided Fuller with each of the opportunities listed above. Although some factual disputes exist as to the purpose of some of the leaves, the record is clear that the Postal Service repeatedly provided counseling and outpatient treatment; in 1977, it allowed leave for detoxification; and in 1985, allowed leave for inpatient treatment. After another relapse, the Postal Service provided a "last chance" agreement, which Fuller violated. The Postal Service allowed Fuller an opportunity to obtain several different levels of treatment and, therefore, reasonably accommodated his alcoholism.[6]

Fuller sets forth several arguments as to why the Postal Service's actions were insufficient. First, he contends that the EAP should have referred him to a specific inpatient treatment program. However, reasonable accommodation requires only that the agency assist the employee in locating a program and in giving the employee time off to participate in it. The Postal Service did both.

Fuller also contends that after his last incident, he should have been reassigned to an "inside" position which did not require him to drive and which would provide supervision preventing him from drinking. However, having given Fuller a "last chance," the Postmaster was entitled, and perhaps obligated, to follow through. In addition, the employee is required to be qualified for the then current "position" he holds, 29 C.F.R. § 1613.702(c), and transfer is not required.[7]

Fuller also contends that he entered a treatment program before his removal became effective and that the Postal Service should have awaited the outcome of this treatment or reinstated him. While the Postal Service had the option of doing so, reasonable accommodation did not require such an action. Fuller's previous attempts at recovery had not been successful and there was no guarantee that this one would have been successful either. In addition, if Fuller's approach were the law, an employee could conceivably forestall dismissal indefinitely by repeatedly entering treatment whenever dismissal becomes imminent due to a relapse. The last chance agreement would have become meaningless had Fuller been allowed another chance to obtain treatment after having been informed that further violations would not be tolerated. The Postal Service was not required to provide Fuller with another chance after having given him a "last chance."[8]

■ Fuller's remaining arguments are also without merit. No "expert medical

6. Whether the agency has provided "reasonable accommodation" is ordinarily a question of fact. *See Reynolds v. Brock*, 815 F.2d 571, 575 (9th Cir.1987). The employer bears the burden of proving an inability to accommodate. *Mantolete v. Bolger*, 767 F.2d 1416, 1423 (9th Cir.1985). However, because no "reasonable jury could return a verdict for [plaintiff]," any factual dispute is not "genuine," and summary judgment was therefore appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

7. Thus, it is not necessary to decide whether or not the collective bargaining agreement prohibited such reassignment.

8. Fuller has "supplemented" the record with materials not presented to the district court, most notably, a letter from the EAP recommending against his removal, and letters attesting to his progress in treatment. The Postal Service's motion to strike these documents is granted. F.R.App.P. 10(e) is limited to technical corrections in the record. In any event, the supplementary materials would not have altered our decision. While Fuller's attempts to recover are laudable, they do not affect the determination of whether or not the Postal Service's accommodation was reasonable.

exam" was required, because Fuller's alcoholism was not in doubt. While the employer may have a duty to counsel the employee about the availability of disability retirement, it is not an element of the "reasonable accommodation" required by the Act.

Even assuming that Fuller's claim that further discovery would have yielded evidence that he was treated more harshly than other alcoholic employees is meritorious, the record does not indicate that Fuller made a F.R.Civ.P. 56(f) request to the district court. *See, e.g., Brae Transp., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir.1986) ("Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment."). Moreover, such a claim is beyond the allegations of the complaint and the requirements of the Act. Thus, the issue is not properly before this court on appeal. Finally, defendant's failure to answer the amended complaint is irrelevant; a motion to dismiss is a proper response to a complaint, as is a motion for summary judgment. *Trotter v. Jack Anderson Enter., Inc.,* 818 F.2d 431, 432 (5th Cir.1987).

The judgment is AFFIRMED.