35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES COUNCIL 33,
LOCAL 51, Anna Williams, Roberta Butler, Elaine
McKinsey, Mildred Miller, and John
Turri, Plaintiff-Appellee,
v.
Lloyd BENTSEN, Secretary of the Department of Treasury,
Defendant-Appellant.
 Nos. 92-15521, 93-15266.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Decided Sept. 7, 1994.
 
 Before: POOLE, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Secretary of the Treasury appeals the district court's judgment which permanently enjoins the Secretary from removing any of the named plaintiffs from positions at the United States Assay Office in San Francisco ("the Mint") for alleged performance deficiencies. The Secretary also appeals the amount of attorney's fees awarded by the district court. We reverse the district court's judgment and remand with instructions to reduce the fee award to reflect the extent of Plaintiff Mildred Miller's success.
 
 I.
 
 3
 The parties are familiar with the facts and previous proceedings in this case so we do not recite them here.
 
 II.
 
 4
 The reasonable accommodation of a disability is a question of fact which we review for clear error. See, e.g., Fuller v. Frank, 916 F.2d 558, 562 n. 6 (9th Cir.1990). We review de novo the application of the law regarding reasonable accommodation to undisputed factual determinations. See, e.g., Arneson v. Heckler, 879 F.2d 393, 397 (8th Cir.1989); see generally United States v. McConney, 728 F.2d 1195, 1201-04 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). We review a district court's award of attorney's fees for abuse of discretion. Metcalf v. Borba, 681 F.2d 1183, 1188 (9th Cir.1982).
 
 III.
 
 5
 "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971). The district court's judgment permanently enjoined the Secretary "from removing any of the named plaintiffs for alleged performance deficiencies ..." No matter how meritorious plaintiffs' claims might have been when this litigation began, the district court's findings of fact do not justify continuing this permanent injunction in favor of plaintiffs Anna Williams, Elaine McKinsey, Roberta Butler, and John Turri.
 
 A.
 
 6
 Plaintiffs Williams, McKinsey, and Butler have voluntarily retired from their employment at the Mint.[1] Their claims for back pay have been resolved. Resignation renders moot a claim for injunctive relief under the Rehabilitation Act. Doe v. Attorney General, 941 F.2d 780, 783-84 (9th Cir.1991). Unless the district court makes specific factual findings that these plaintiffs have a live case or controversy under the Rehabilitation Act the permanent injunctive relief in favor of Williams, McKinsey, and Butler should be dissolved.
 
 B.
 
 7
 Turri has been transferred to a permanent WG-02 laborer position. We find nothing in the district court's findings of fact to indicate that Turri now requires the remedy of lifetime tenure regardless of his performance as a WG-02 laborer. His claims for injunctive relief under the Rehabilitation Act for lack of reasonable accommodation are now moot by virtue of his transfer to a new position. Unless the district court makes specific findings of fact that there is more than a remote or speculative likelihood that the specific wrongs which Turri faced in the coin checker WG-02 position will be repeated, the permanent injunctive relief in favor of Turri should be dissolved. Cf. Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (claims for injunctive relief mooted by transfer of prisoner absent reasonable expectation that adverse action would ensue and wrong repeated).[2]
 
 IV.
 
 8
 A disabled employee "is required to be qualified for the then current 'position' he holds ... and transfer is not required." Fuller v. Frank, 916 F.2d 558, 562 (9th Cir.1990) (citation omitted). Miller wishes to continue as a permanent WG-02 coin checker. The job description for permanent WG-02 coin checkers states that "[a]lertness, mental concentration and excellent eye-hand coordination are required to detect imperfections and to work quickly in meeting production requirements." With the Mint's shift from assembly line to single-worker stations in order to increase efficiency, the Mint has established new production requirements for the five coin program based on a daily production quota.
 
 
 9
 The district court concluded that the daily production quota "was not an 'essential function' of the Coin Checker WG-02 position", was "not reasonable", and was "unlawful". These are legal conclusions which erroneously interfere with an agency's prerogative to choose and develop objective performance appraisal methods best suited to their needs. See, e.g. Wilson v. Dep't of Health & Human Serv., 770 F.2d 1048, 1052 (Fed.Cir.1985). "It is not the court's job to establish minimum qualification standards" for public employees. Lucero v. Hart, 915 F.2d 1367, 1371-72 (9th Cir.1990). After a thorough review of the entire district court record we conclude that the daily production quotas are an essential function of the coin checker WG-02 position. Moreover, it is evident that despite extensive efforts from court-appointed rehabilitation specialists to accommodate her, Miller still cannot meet the production requirements for the five coin program.
 
 
 10
 Miller contends that her court-ordered assignment to do intermittent work in the Mint's special coins program and "other duties" when special coin work is not available is a reasonable accommodation of her disability under the Americans With Disabilities Act (ADA), relevant EEOC regulations, and case law. But Miller's reliance upon the type of reassignment contemplated in Buckingham v. United States, 998 F.2d 735 (9th Cir.1993), Arneson v. Heckler, 879 F.2d 393 (8th Cir.1989), Ellis v. United States Postal Serv., 37 M.S.P.R. 503 (1988), and Ignacio v. United States Postal Serv., 30 M.S.P.R. 471 (Special Panel 1986) is misplaced. In each of these cases reassignment was sought to recognized, existing positions.[3]
 
 
 11
 In this case, however, the court-ordered relief was not simple reassignment, but creation of a new position just for Miller. The district court found that the special coin programs are not permanent. Although permanent coin checkers WG-02 are sometimes used for special coin work, those workers must be qualified to do five coin work, and meet production requirements in the five coin program when special coin work is not available. By ordering the Mint permanently to employ Miller as a WG-02 coin checker "in the Special Coin Program, when it is in operation and assigning her other duties when it is not" the district court created a heretofore unrecognized permanent position and ignored the production requirements of the five-coin program, which remains an essential function for all other permanent WG-02 coin checkers. This goes well beyond reassignment or restructuring because the Mint is not required to accommodate Miller by creating a new position. See Fedro v. Reno, 21 F.3d 1391, 1396 (7th Cir.1994); Malbouf v. Dep't of the Army, 43 M.S.P.R. 588 (1990); Lamb v. Dep't of the Navy, 41 M.S.P.R. 79 (1989). The Mint is also not required to accommodate Miller by eliminating one of the essential functions of her job. Jasany v. United States Postal Serv., 755 F.2d 1244, 1250 (6th Cir.1985). The district court's order requires the Mint to do both and therefore must be dissolved.
 
 
 12
 Because Miller cannot perform the essential functions of the WG-02 coin checker position, with or without reasonable accommodation, she is not a "qualified handicapped person" within the meaning of the Rehabilitation Act. See 29 C.F.R. Sec. 1613.702(f). After a diligent effort by the court-appointed rehabilitation specialist to retrain, assist, and reassign Miller, the Mint has met its obligation to attempt reasonable accommodation for Miller. See Lynch v. Dep't of Education, 31 M.S.P.R. 519 (Special Panel 1986).
 
 V.
 
 13
 The Secretary concedes that Williams, McKinsey, Butler, and Turri are prevailing parties for purposes of attorney's fees, but challenges Miller's right to attorney's fees. The district court found that the Mint had violated all the plaintiff's rights under the Rehabilitation Act by attempting to terminate them without first attempting to provide reasonable accommodation of their disabilities. The district court appropriately ordered the Mint to retain a rehabilitation specialist to seek accommodation for Miller and the other plaintiffs. That order, entered June 2, 1987 altered the legal relationship between Miller and the Mint, and provided Miller with the benefit of attempted accommodation of her disability. That order has not been challenged on this appeal. Accordingly, Miller has succeeded on a significant issue in the litigation, and has achieved some of the benefit sought in bringing the suit. Under the standards set forth in Texas Teachers Ass'n. v. Garland Independent School Dist., 489 U.S. 782 (1989) Miller is a prevailing party for purposes of attorney's fees.
 
 
 14
 Nevertheless, the district court's interim fee award of October 30, 1992 assumed that Miller would prevail in her attempt to continue employment as a permanent coin checker WG-02 despite her inability to meet that job's production requirements. Since Miller has not prevailed on that aspect of the litigation her fee award should be reduced to reflect the extent of her success. See Hensley v. Eckerhart, 461 U.S. 424, 440 (1983). On remand the district court "should award only that amount of fees that is reasonable in relation to the results obtained." Id.
 
 VI.
 
 15
 For the foregoing reasons the judgment of the district court is REVERSED. We REMAND for further proceedings consistent with this Memorandum.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees' Brief contends, without reference to the record, that McKinsey "was essentially forced to retire". Appellees' Br., No. 92-15521 at 48. We find nothing in the district court's findings to indicate that McKinsey's disability retirement was involuntary or unlawful. Cf. Arneson v. Heckler, 879 F.2d 393, 396 (8th Cir.1989) (disability retirement not voluntary if it is produced by unlawful government conduct)
 
 
 [2]
 Inasmuch as Butler was transferred from coin checker WG-02 to laundry worker WG-02, the same reasoning applies to her claims. Vague representations were made to us on appeal alleging harassment against Turri by coworkers in his new position. These alleged acts may provide the basis for a separate cause of action, but they do not justify continued injunctive relief under the Rehabilitation Act, which deals with the hiring, placement, and advancement of disabled persons
 
 
 [3]
 The ADA contemplates reassignment to vacant positions and is therefore inapplicable to this case for the same reasons that the cases Miller relies upon are irrelevant, as we discuss infra. Since the substantive ADA provisions relied upon by Miller do not apply to this set of facts we need not address the ADA's retroactive application