81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elijah PORTER, Jr., Plaintiff-Appellant,
v.
Marvin T. RUNYON, Jr., Defendant-Appellee.
 No. 94-56792.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elijah Porter, Jr. appeals pro se the district court's summary judgment in favor of Postmaster General Marvin T. Runyon, Jr. in Porter's action alleging that he was improperly terminated from his position with the United States Postal Service ("USPS") on the basis of his handicap of alcoholism and in retaliation for his previous activity with the Equal Employment Opportunity Commission ("EEOC"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Fuller v. Frank, 916 F.2d 558, 561 (9th Cir.1990), and affirm in part and vacate and remand in part.
 
 A. Background
 
 3
 In December 1991, the USPS discharged Porter for reporting to duty under the influence of alcohol and for threatening a supervisor. Porter was restored to duty under the terms of a January 23, 1992, Last-Chance Agreement, which reduced the removal to a fourteen day suspension. The agreement provided that Porter was to successfully participate for one year in a structured substance abuse rehabilitation program and to maintain good attendance and cease being absent without permission.
 
 
 4
 On May 15, 1992, Porter left work in the middle of his shift after telling his supervisor that he was ill. Porter contends that at this time, he also told his supervisor that his outpatient alcohol treatment program was not working and that he needed to participate in a more structured inpatient treatment program. The USPS contends that it did not hear again from Porter until June 6, 1992, when Porter responded to the USPS's request for medical documentation to justify his absence. Porter contacted USPS on June 6, 1992, to inform the agency that he was enrolled in an inpatient alcohol treatment program.
 
 
 5
 On June 9, 1992, while Porter was enrolled in the inpatient program, the USPS issued another notice of removal based on charges of excessive unscheduled absences, and failure to follow instructions. Subsequently, the USPS terminated Porter from employment. After exhausting his administrative remedies, Porter brought his claim in district court alleging that his discharge was the result of retaliation for his prior EEOC activity and that USPS had failed to reasonably accommodate his disability of alcoholism by refusing to allow him to participate in an inpatient alcohol treatment program. The district court granted summary judgment for defendants, finding that Porter had failed to show that the USPS retaliated against him by terminating him from employment. The district court also found that even assuming alcoholism constituted a handicap, Porter had failed to show that that USPS was obligated to provide Porter with inpatient treatment.
 
 B. Retaliation Claim
 
 6
 Porter contends the district court erred by granting summary judgment in favor of defendants on his retaliation claim. This contention lacks merit.
 
 
 7
 In order to establish a prima facie case of retaliation, a plaintiff must demonstrate: "(1) that [he] was engaging in a protected activity, (2) that [he] suffered an adverse employment decision, and (3) that there was a causal link between the protected activity and and adverse employment decision." Ruggles v. California Polytechnic State Univ., 797 F.2d 782, 785 (9th Cir.1986). The causation element requires the plaintiff to show by a "preponderance of the evidence" that he was fired for engaging in the protected activity. Id. Here, Porter failed to offer any evidence or articulate any reason in support of his contention that his termination was the result of having previously filed an EEOC complaint. Accordingly, the district court's did not err by granting summary judgment for defendants on this claim. See id.
 
 C. Handicap Claim
 
 8
 Porter contends that the district court erred by concluding that USPS was not obligated to provide Porter with an inpatient treatment program. This contention has merit.
 
 
 9
 In Fuller, we noted that "alcoholism is a covered handicap under [the Rehabilitation Act, 29 U.S.C. § 791]." Fuller, 916 F.2d at 561. We then held that " 'reasonable accommodation' requires that a governmental employer follow a progression of increasingly severe responses to an employee's alcoholism." Id. at 562. Among these responses is allowing the opportunity for the employee to participate in "inpatient treatment, if outpatient treatment fails." Id.
 
 
 10
 Here, Porter asserted that prior to leaving his shift on May 15, 1992, he talked to his supervisor and expressed his desire to participate in a more structured alcohol rehabilitation program because Porter felt the outpatient program was not working. Porter also asserted that, contrary to the assertions of USPS in its summary judgment motion, after leaving work on May 15, 1992, he contacted USPS on a number of occasions to apprise them that he would continue to be out on sick leave. Porter also alleged that during this time, he participated in the Postal Service's Employee Assistance Program ("EAP") and that he expressed to the EAP counselor his desire to enter an inpatient treatment program. Finally, the record indicates that after his release from the Veteran's Administration Hospital, Porter returned to work and submitted documentation from his doctor which stated that shortly prior to Porter's admittance to the treatment program, Porter had suffered from hypertension and acute gastroenteritis and was disabled as a result.
 
 
 11
 Our review of the record indicates that genuine issues of material fact exist as to whether Porter contacted USPS between May 15, 1992 and June 6, 1992, and therefore whether Porter's absence from work during this time violated the Last-Chance Agreement. Moreover, given our decision in Fuller, genuine issues of material fact exist as to whether, under these circumstances, Porter's alcohol problem constituted a handicap and if so, whether the USPS provided Porter with reasonable accommodations pursuant to the Rehabilitation Act. See id. at 1061-62. Accordingly, we vacate the district court's decision as to Porter's handicap claim and remand for further proceedings.[1]
 
 
 12
 AFFIRMED in part, VACATED and REMANDED in part.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we remand for further proceedings, we do not reach the issue of whether the district court erred by denying Porter's motion for reconsideration
 
 
 [2]
 Each party shall bear its own costs on appeal