99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick M. DEVER, Jr.; Floretta P. Dever; Kristen Nicole
Dever, a minor child; Megan Mae Dever, a minor
child, Plaintiffs-Appellants,
v.
Melody TURNER, Warden; George Alexander; Sgt. Stanforth;
Sgt. Harris; Sgt. Montenario; Rick Fitzpatrick;
James E. Butler, Defendants-Appellees.
 No. 96-3090.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 1
 Before: LIVELY and NELSON, Circuit Judges; HACKETT, District Judge.*
 
 ORDER
 
 2
 Frederick M. Dever, Jr., Floretta P. Dever, Kristen Nicole Dever and Megan Mae Dever, all proceeding pro se, appeal a district court judgment dismissing their civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, the Devers sued six state prison officials and a county prosecutor in their individual and official capacities. Frederick is an Ohio inmate, Floretta is his mother, Kristen is his daughter, and Megan is his niece. Relying on the Sixth, Eighth and Fourteenth Amendments, the Devers essentially asserted that the defendants violated their due process rights by prohibiting Floretta, Kristen and Megan from visiting Frederick at the prison. They alleged that the denial occurred without notice and a hearing. The Devers also asserted supplemental state law claims. Over the plaintiffs' objections and upon review of the magistrate judge's report and recommendation, the district court granted summary judgment in favor of the defendants.
 
 
 4
 In their timely appeal, the Devers reassert their same claim and also allege--as they did not allege in their complaint--that the denial of visitation constituted illegal retaliation against Frederick for appearing on the television program Inside Edition.
 
 
 5
 The retaliation claim is not reviewable on appeal as the Devers did not raise the claim in their complaint. See Fuller v. Frank, 916 F.2d 558, 563 (9th Cir.1990) (claim not reviewable because it was beyond the allegations of the complaint). Unless exceptional circumstances are present, this court will not address an issue not first raised in the district court. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances exist in this case.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' ... and therefore is not independently protected by the Due Process Clause." Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 461 (1989) ( quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). The logical corollary of Thompson is that private individuals have no constitutional right of prison access to a particular inmate. Thus, the Devers have no constitutional right to visit with Frederick in prison, nor he with them.
 
 
 7
 Furthermore, state law has not created an enforceable liberty interest in visitation in prison. The denial of visitation does not impose an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995); Thompson, 490 U.S. at 461. Moreover, the prison regulation at issue explicitly states that a visitor may be excluded if "directly related to the inmate's prior criminal behavior." Ohio Admin.Code § 5120-9-15(C)(5). Here, Kristen is being excluded because she is the victim of the crimes of which Frederick stands convicted--rape and gross sexual imposition. We also note that Floretta and Megan were only excluded on April 10, 1993, because Kristen would have been left in the waiting room without adult supervision in violation of prison regulations.
 
 
 8
 The main thrust of the Devers' argument is that visitation should be allowed because Frederick is innocent and thus Kristen would not come to any harm. However, a challenge to a conviction is not cognizable under § 1983 and must be brought under a petition for habeas corpus relief. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation