103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kenneth R. OASE, Plaintiff-Appellant,
v.
CITY OF TUCSON, ARIZONA; Pima County Animal Control; R.
Sallee, Tucson Police Officer; Sergeant Gillogoy,
Tucson Police Sergeant, Defendants,
and
County of Pima, Arizona; Officer Hancock, Badge 1904,
Defendants-Appellees.
 
 No. 96-15986.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth R. Oase appeals pro se the district court's summary judgment for defendants Hancock and Pima County in Oase's 42 U.S.C. § 1983 action alleging that defendants violated the Fourth Amendment by conducting warrantless inspections of his home on July 10, 1994, and September 22, 1994, to investigate the health of his cats. The district court determined that Oase failed to demonstrate that Hancock had conducted the inspections pursuant to an unconstitutional Pima County policy or custom and that Hancock was entitled to qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo the district court's summary judgment and grant of qualified immunity, see Hervey v. Estes, 65 F.3d 784, 788 (9th Cir.1995), and we affirm in part and reverse in part.
 
 
 3
 Oase's contention that the district court erred by converting Pima County's motion to dismiss into a summary judgment motion lacks merit, because the court explicitly informed Oase of the conversion and advised Oase that he had to submit responsive evidence to withstand summary judgment. Cf. Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam).
 
 
 4
 Upon our review of the record, we affirm the district court's grant of summary judgment to Pima County because Oase failed to raise a genuine issue of material fact regarding the existence of an official government policy or practice that authorized Pima County officials to perform unconstitutional searches.[2] See Hervey, 65 F.3d at 791. We also conclude that the district court properly proceeded to summary judgment without affording Oase an opportunity to conduct discovery, because the record indicates that Oase failed to comply with the requirements of Fed.R.Civ.P. 56(f). See Fuller v. Frank, 916 F.2d 558, 563 (9th Cir.1990).
 
 
 5
 Oase contends that the district court erred by granting summary judgment to Hancock on the basis that she was entitled to qualified immunity because Oase had not voluntarily consented to the two inspections. This contention has merit.
 
 
 6
 Public officials sued under section 1983 are entitled to qualified immunity if: (1) the law governing the official's conduct was not clearly established at the time of the alleged violation, or (2) under the established law, a reasonable official would have believed that defendant's conduct was constitutional. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).
 
 
 7
 Here, the district court correctly determined that the dispositive issue was whether a reasonable official would have believed that Oase voluntarily consented to the inspections because the law regarding Oase's right to be free from unreasonable government searches in his home was clearly established at the time Hancock performed her inspections. See Payton v. New York, 445 U.S. 573, 589-90 (1980); United States v. Carbajal, 956 F.2d 924, 930 (9th Cir.1992). Upon our review of the record, we affirm the district court's determination that Hancock was entitled to qualified immunity for conducting the July 1994 inspection because Oase failed to present a material factual dispute regarding Hancock's account of what led to Oase's consent to that inspection. See Pierce v. Multnomah County, 76 F.3d 1032, 1038 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3001 (U.S. June 24, 1996) (No. 95-2062); Bagley, 988 F.2d at 873.
 
 
 8
 The record, however, indicates that summary judgment to Hancock for the September 1994 inspection was unwarranted because Hancock and Oase dispute whether Oase voluntarily consented to that inspection.[3] Hancock stated in her affidavit that Oase consented to the September 1994 inspection. Oase, however, stated in his affidavit that he agreed to the September 1994 inspection only after Hancock told him that, if he did not consent to the inspection, police officers would "go over [to Oase's home] and break down the door and [Oase's] cats would be taken to the county pound and destroyed." Oase averred that he consented to the September 1994 inspection because "[he] could not allow [him]self to sacrifice [his cats] just to stand on the principal of the Fourth Amendment." We conclude that this material factual dispute precluded the district court's grant of summary judgment to Hancock for performing the September 1994 inspection. See Pierce, 76 F.3d at 1038; Bagley, 988 F.2d at 973; see also United States v. Torres-Sanchez, 83 F.3d 1123, 1129-30 (9th Cir.1996) (setting forth factors that a factfinder considers to determine whether a person voluntarily consents to a warrantless search of his person, property, or premises); Carbajal, 956 F.2d at 930. Accordingly, we reverse the district court's grant of summary judgment to Hancock based upon qualified immunity for performing the September 1994 inspection.
 
 
 9
 We affirm the district court's order granting summary judgment to Pima County, and we affirm the district court's order granting summary judgment to Hancock on the basis that she was entitled to qualified immunity for conducting the July 1994 inspection. We reverse the district court's order finding that Hancock was entitled to qualified immunity for conducting the September 1994 search, and we remand for further proceedings.
 
 
 10
 Each side shall bear their own costs.
 
 
 11
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have jurisdiction over this appeal, because the district court certified its judgment pursuant to Fed.R.Civ.P. 54(b). See Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985)
 
 
 [2]
 Oase did not seek to establish municipal liability by alleging that Hancock's inspections constituted official government policy. Oase also did not allege that an official with final policy-making authority had ratified Hancock's inspections. See Trevino v. Gates, No. 95-55290, slip op. 14427, 14441-42 (9th Cir. Nov. 1, 1996)
 
 
 [3]
 Although the district court acknowledged in its December 19, 1995 dismissal order that Oase's Fourth Amendment claim involved both the July and September 1994 inspections, the district court did not explicitly find that Hancock was entitled to qualified immunity for performing the September inspection. We construe the district court's dismissal order as also granting summary judgment to Hancock on the basis of qualified immunity for the September 1994 inspection