116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, for the use of Baltrusch
Construction Co., Inc., Plaintiff-Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant-Appellee.
ROTH-RADCLIFFE COMPANY, INC. Defendant-intervenor-Appellee.
 No. 96-35252.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1997.
Decided June 27, 1997.
 
 Appeal from the United States District Court for the District of Montana; No. CV-86-00210-PGH; Paul G. Hatfield, District Judge, Presiding.
 Before: WRIGHT, PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Having reviewed the record, read and considered the briefs, and heard oral argument, the court affirms the district court's summary judgment substantially for the reasons set forth in the district court's Memorandum Order filed February 1, 1996.
 
 A. Request for Discovery
 
 3
 The district court did not abuse its discretion in denying Baltrusch's request to conduct discovery pertaining to its claim under Montana's Unfair Trade Practices Act. Baltrusch failed to present an affidavit explaining why it could not "present by affidavit facts essential to justify" its opposition to Hartford's motion for summary judgment. Fed.R.Civ.P. 56(f). "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Fuller v. Frank, 916 F.2d 558, 563 (9th Cir.1990) (quoting Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986)).
 
 B. Request to File Second Amended Complaint
 
 4
 The district court did not abuse its discretion by granting Hartford's summary judgment motion without ruling on Baltrusch's motion to file a second amended complaint. By its proposed second amended complaint, Baltrusch sought to rely on section 33-18-242, MCA, as amended. This amended section became effective July 1, 1987. The enabling legislation for the amendment provides: "This Act applies to causes of action arising after the effective date of this act." According to his complaint, which was filed in October 1986, Baltrusch's cause of action arose no later than July 28, 1986, when it last performed services on the contract. Amended section 33-18-242, MCA, therefore, did not apply to Baltrusch's cause of action, and it would have been futile to permit an amendment to the complaint to rely on the amended statute.
 
 
 5
 Nor was the amendment proper to state the amount of attorney fees sought. Baltrusch could not have recovered attorney fees in his state law action. Under Montana law, attorney fees in civil actions can only be recovered when specifically permitted by contract or statute. First National Bank of Glasgow v. First Security Bank of Montana, 260 Mont. 38, 42, 857 P.2d 726, 729 (1993). No contractual provision for attorney fees exists in this case. Nor is there any provision for the recovery of attorney fees in Montana's Unfair Trade Practices Act. See Martin v. Crownlife Insurance Co., 202 Mont. 461, 469, 658 P.2d 1099, 1104 (1983) (attorney fees are not a component of "damages").
 
 
 6
 The proposed second amended complaint's allegations of unfair post-trial conduct do not suffice, as a matter of law, to support an award of fees or damages.
 
 C. Merits of Summary Judgment
 
 7
 Finally, the district court correctly concluded that the doctrine of issue preclusion precluded Baltrusch from relitigating in its Unfair Trade Practices Act claim the same issues the district court had resolved against it in its request for attorney fees in its Miller Act claim. The district court actually litigated and necessarily decided those issues and entered a final judgment in the Miller Act litigation. In these circumstances, the district court properly applied the doctrine of issue preclusion. See Segal v. American Tel. & Tel. Co., Inc., 606 F.2d 842, 845 (9th Cir.1979).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3