**Walter BATEMAN, Plaintiff—Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant—Appellee.**

No. 01–15930.

D.C. No. CV–97–00030–MMC/PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided March 27, 2002.

**916**

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Before HUG and TASHIMA, Circuit Judges, and SEDWICK,* District Judge.

MEMORANDUM **

Walter Bateman brought suit against his employer, the United States Postal Service ("USPS"), for (1) race discrimination, (2) retaliatory discharge, (3) disability discrimination, on the basis of the USPS' decision to terminate his employment, and (4) disability discrimination, on the basis of the USPS' alleged failure to make reasonable accommodations for his disability. The district court granted summary judgment in favor of the USPS on all four claims, and Bateman brought this appeal. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Bateman's first three claims require the application of the *McDonnell Douglas* burden-shifting analysis common to employer discrimination suits. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Mustafa v. Clark County Sch. Dist.,* 157 F.3d 1169, 1175 (9th Cir.1998); *Yartzoff v. Thomas,* 809 F.2d 1371, 1375 (9th Cir. 1987). Under this analysis, once the plaintiff-employee makes out a prima facie violation, the burden shifts to the defendant-employer to provide a legitimate reason for the adverse employment action suffered by the employee. If the employer can provide such a reason, the burden shifts back to the employee to show that the stated reason is merely a pretext for the true, illegal motive behind the action (in this case, race discrimination, retaliation, and disability discrimination). An employee may show pretext by offering "specific" and "substantial" evidence "that the employer's proffered motive[ ] [was] not the actual motive[ ] because [it is] inconsistent or otherwise not believable." *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir.1998).[1]

In ruling on Bateman's first three claims, the district court held that even if Bateman could show a prima facie violation as to these three claims, he failed to raise a genuine issue of material fact because he did not provide "specific" and "substantial" evidence on any of the claims to rebut the USPS' proffered reason for terminating his employment–namely, its conclusion that Bateman initiated a physical altercation with another employee. In the absence of sufficient proof that the USPS' declared reason was merely a pretext, the district court held that the USPS was entitled to judgment as a matter of law.

■■■ On appeal, Bateman argues that he presented sufficient evidence of pretext to withstand summary judgment. However, a review of the record indicates that Bateman's putative evidence of pretext is either unsupported or irrelevant. Thus, we hold that the district court was correct to conclude that Bateman did not provide "spe-

* Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. An employee may also show pretext by providing a small amount of direct evidence of discrimination. *See Godwin,* 150 F.3d at 1221. As Bateman does not suggest that he has any direct evidence of discrimination, we do not consider this means of demonstrating pretext.

cific" and "substantial" evidence of pretext as to any of his first three claims, and we affirm the district court's decision to grant summary judgment as to each of those claims.

Bateman's final claim arises out of 29 U.S.C. § 791. Regulations promulgated under § 791 require governmental employers to "make reasonable accommodation to the known physical or mental limitations of an applicant or employee who is a qualified individual with handicaps unless the agency can demonstrate that the accommodation would impose an undue hardship on the operations of its program." 29 C.F.R. § 1614.203(c). As we noted in *Fuller v. Frank*, 916 F.2d 558, 560 (9th Cir.1990), "[t]his regulation contains essentially three elements: (1) plaintiff must be a "qualified" handicapped individual; (2) the agency must make "reasonable accommodation" to the handicap; and (3) the accommodation need not be made if it would impose an "undue hardship." "

In ruling on this claim, the district court noted that the USPS put forward significant evidence showing that it modified Bateman's employment conditions to reflect the accommodation recommendations of Bateman's physicians. Moreover, the district court found the record devoid of evidence showing that these modifications were not a reasonable accommodation to Bateman's disability. Consequently, the district court granted the USPS summary judgment on this claim.

Upon review, we conclude that the district court reached the correct result on Bateman's reasonable accommodation claim, and we affirm its decision. The declaration of Bateman's supervisor, Robert Collins, and the duty status reports issued on the heels of Bateman's knee surgery show that the USPS significantly modified Bateman's employment conditions upon receiving notification from Bateman's doctors that he was in need of accommodation. On the other hand, with the exception of his own unsupported allegation that his work duties were not modified, Bateman can point to nothing in the record to suggest that the USPS failed to reasonably accommodate his disability. Given the absence of evidence showing that the USPS failed to reasonably accommodate Bateman's disability, we hold that the district court was correct to grant the USPS summary judgment on this claim.

Because Bateman failed to present evidence of pretext or failure to reasonably accommodate, the district court was correct to grant the USPS summary judgment as to all four of Bateman's claims. AFFIRMED.