Lezlie Ann BUTTON, Plaintiff—Appellant,

v.

**BOARD OF REGENTS OF UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA; et al., Defendants—Appellees.**

No. 06–16231.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2008.

Submission Vacated March 13, 2008.

Submitted Aug. 4, 2008.

Filed Aug. 14, 2008.

---

\* The Honorable John M. Walker, Jr., Senior United States Circuit Judge for the Second Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

David C. Amesbury, Amesbury & Schutt, Las Vegas, NV, for Plaintiff–Appellant.

Kwasi Nyamekye, University & Community College System of Nevada Office of the General Counsel, Las Vegas, NV, for Defendants–Appellees.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Lezlie Button ("Button") appeals the adverse summary judgment grant on her Americans with Disabilities Act ("ADA") and Rehabilitation Act claims, arguing genuine issues of material fact exist about whether the Community College of Southern Nevada ("CCSN") and the University of Nevada, Las Vegas ("UNLV") (collectively "The Board")[1] provided reasonable accommodations to ensure equal access in the classroom or acted with deliberate indifference.[2]

Whether reasonable accommodations have been provided is ordinarily a question of fact. *Fuller v. Frank,* 916 F.2d 558, 562 n. 6 (9th Cir.1990). Whether a particular accommodation is reasonable depends on the individual circumstances of each case and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations necessary to meet the program's standards. *Vinson v. Thomas,* 288 F.3d 1145, 1154 (9th Cir.2002).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The Board of Regents of the CCSN and UNLV are considered the same entity.

## Reasonable Accommodation

### 1. Spelling 095

■ A triable issue of fact exists with respect to whether the institution provided Button with a "qualified interpreter" for this class. Button complained about the quality of interpreters on a number of occasions. Although the institution agreed to use Debra Scott's interpreting services for some classes as Button requested, the record reflects that Button complained about the quality of interpreters and the spotty attendance of interpreters on several occasions. In one e-mail, Button notes, "I already gave FIVE months for you to arrange to search [for] an interpreter...." Button's expert testified that "the institutions in this case did not respond in a timely enough manner." The e-mail exchange, in combination with the expert testimony, points to a triable issue of fact as to whether the accommodations offered in response to Button's requests were reasonable.

### 2. Environmental Science

■ College officials acknowledged some insufficiency in note taking; at one point the administration sent an e-mail explaining that they had been looking for a "legitimate" note taker and finally found one. This indicates that there was a substantial period of time during which a "legitimate" note taker was not provided.

Button's e-mails confirm that she raised concerns about the delay in finding an adequate note taker. Button's expert also

---

2. There is no dispute that Button is *capable* of a strong academic performance—after her experience at CCSN and UNLV, she transferred to the State University of New York in Cortland, where she made the Dean's List.

concluded that the institution's response was not adequate, stating that, while a single missed note taker might be understandable, it is not excusable "[w]hen you have a whole series of courses where note takers [and] notes were never provided, there is a problem, and it's a systemic problem...." This indicates that there is a triable issue of fact regarding whether the Board's actions constituted "reasonable accommodations" of Button's requests.

### 3. Global Economics

■ With respect to Global Economics, the district court concluded that there was no evidence that Button complained about Dr. Robinson's speaking speed after the institution sent him a letter asking him to slow down. However, the evidence is undisputed that Button requested Real Time Captioning ("RTC") instead of an interpreter for this class, which was not provided. It appears the district court addressed only the initial RTC request and not the one made in the Global Economics class. The court justified the denial of the UNLV RTC request by stating that RTC in addition to an interpreter would be duplicative. However, in the e-mails pertaining to her Global Economics class, Button specifically requested RTC *instead of* an interpreter for this class. The institution apparently looked into the possibility of RTC but found it was not available. The stated lack of availability is odd in light of CCSN's utilization of RTC for her spelling class when an interpreter was unavailable. Button's expert also stated that when the quality of interpreters and note takers is spotty the school "does have the responsibility to have some kind of back-up plan." Given Button's continual e-mail complaints that she was unable to keep up with the class, in conjunction with the expert testimony, there is a genuine issue of material fact as to whether the university's response constituted a reasonable accommodation.

### 4. UNLV RTC Request

■ Button's expert stated that the institution's summary denial of the RTC in conjunction with note taking and interpreters was inappropriate because administrators did not try to determine why Button believed all three services were necessary. The Board's expert, on the other hand, opined that "it is totally inappropriate to have both [interpreters and RTC] at the same time." A conflict in expert testimony is a quintessential dispute of material fact. *See e.g., Schroeder v. Owens–Corning Fiberglas Corp.,* 514 F.2d 901, 903–904 (9th Cir.1975). The Board does not argue that Button's expert was unqualified. Rather, it argues that her testimony is not supported by sufficient record evidence. However, different inferences could be drawn from the record evidence. *See Linn Gear Co. v. N.L.R.B.,* 608 F.2d 791, 796 (9th Cir.1979).

The institution's denial and the reasons for the denial are undisputed, but there is no legal or factual barrier preventing a jury from reasonably concluding that the university's response constituted a denial of a reasonable accommodation. "[M]ere speculation that a suggested accommodation is not feasible falls short of the reasonable accommodation requirement; [both the ADA and the Rehabilitation Act] create a duty to gather sufficient information from the disabled individual and qualified experts as needed to determine what accommodations are necessary...." *Duvall v. County of Kitsap,* 260 F.3d 1124, 1136 (9th Cir.2001) (quoting *Wong v. Regents of the University of California,* 192 F.3d 807, 818 (9th Cir.1999) (omission in

original)). The denial of a request for accommodation "without consulting [plaintiff] or any person at the University whose job it was to formulate appropriate accommodations" has been found "a conspicuous failure to carry out the obligation 'conscientiously' to explore possible accommodations." *Wong*, 192 F.3d at 819.

**Deliberate Indifference**

■ To recover money damages, Button must show that the institution acted with "deliberate indifference," which requires both "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall*, 260 F.3d at 1139. A denial of a request without investigation is sufficient to survive summary judgment on the question of deliberate indifference. *See id.* at 1139–41. In *Duvall*, the court stated, "if [plaintiff's] account of the timing and content of his requests for accommodation and defendants' reactions thereto are accurate, a trier of fact could conclude that defendants' decisions not to accommodate him were considered and deliberate." *Id.* at 1141. There, the plaintiff contacted the ADA coordinator of the court to request RTC; the coordinator responded that the courtroom would be equipped for the hearing impaired but that the plaintiff would have to file a motion for further accommodation; plaintiff made such a motion, and the judge denied it because they did not have the technology, and instead allowed the plaintiff to move about the courtroom freely wherever he could best hear the proceedings. *Id.* at 1131.

We cannot say that, if the jury concludes that the Board's accommodations were not reasonable, the jury could not also conclude that the Board's failure to provide greater accommodations was not "deliberate and considered," particularly in light of

the Board's summary denial of Button's RTC request. It is not enough that the Board took some action—in *Duvall* the court made some effort to accommodate, but we held that a jury could find this effort both insufficient and deliberate. *See id.* This inquiry is nuanced and fact-intensive—precisely the province of the jury.

Disputed issues of material fact preclude summary judgment.

**REVERSED and REMANDED.**

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. Plaintiff Lezlie Button seeks only an award of damages, not injunctive relief. To recover money damages she must show that the Board acted with "deliberate indifference." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir.2001). Even viewing the evidence in the light most favorable to her, she has not identified sufficient evidence to support such a finding. Indeed, her brief does not even argue that she has.

The Board responded repeatedly to try to satisfy Button's concerns. The majority cites *Duvall* in support of the proposition that the denial of a request without investigation is sufficient to survive summary judgment on the question of deliberate indifference, but there is no evidence that the Board ever denied any of Button's requests without investigation. I infer from the majority's discussion that the denial allegedly without investigation was the Board's so-called summary denial of Button's request that she be provided at the same time with multiple accommodations: Real Time Captioning (RTC), note-taking, and an interpreter. But it did not require a special investigation for university administrators to know that it was not customary for a disabled student to require or

to receive all three forms of assistance at the same time. Moreover, the record shows that university administrators did in fact consult other providers of deaf services about the feasibility of RTC as a form of note taking before denying that request. The denial was not without investigation and it did not demonstrate indifference.

The Board's responses might not have been effective or sufficient to solve the problems—and may not have satisfied the legal obligation to make reasonable accommodations—but there is no evidence of indifference, let alone the "deliberate indifference" needed to support a claim for money damages. I would affirm the judgment of the district court.