**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YVETTE SQUARE,<br><br>        Plaintiff - Appellant,<br><br>   v.<br><br>PATRICK R. DONAHOE, Postmaster<br>General United States Postal Service,[**]<br><br>        Defendant - Appellee. | No. 09-56042<br><br>D.C. No. 2:07-cv-07052-PA-JTL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 5, 2011[***]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Yvette Square appeals pro se from the district court's summary judgment in

her employment action against the United States Postal Service ("USPS") under

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]        Patrick R. Donahoe has been substituted for his predecessor, John
Potter, as Postmaster General under Fed. R. App. P. 43(c)(2).

[***]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Title VII, the Rehabilitation Act, and the Age Discrimination in Employment Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on the discrimination claims because Square failed to raise a genuine issue of material fact as to whether she was treated less favorably than similarly-situated employees outside her protected class. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

The district court properly granted summary judgment on the harassment and retaliation claims because Square failed to raise a genuine issue of material fact as to whether she was subjected to conduct severe or pervasive enough to create a hostile work environment. *See Vasquez*, 349 F.3d at 642-44; *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (discussing retaliatory harassment).

The district court properly granted summary judgment on the failure to accommodate claim because Square failed to raise a genuine issue of material fact as to whether she was disabled or whether the USPS failed to accommodate her alleged disability. *See Coons v. Sec'y of the U.S. Dep't of the Treasury*, 383 F.3d 879, 884-85 (9th Cir. 2004) (disability); *Fuller v. Frank*, 916 F.2d 558, 561 (9th

Cir. 1990) (reasonable accommodation).

The district court properly granted summary judgment on the alleged incidents that Square failed to administratively exhaust. *See Sommatino v. United States*, 255 F.3d 704, 707-08 (9th Cir. 2001).

Square's remaining contentions are unpersuasive.

We do not consider Square's contentions raised for first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Square's motion to file an oversized reply brief is granted. Square's "Motion Request for Waiver of Appellate Court Fees" is denied as moot because Square already paid the filing fee for this appeal. To the extent that Square's motion seeks a waiver of further fees, the motion is denied as unnecessary because the fees have been paid in full and no further fees will be assessed for this appeal or for the mandamus petition filed in the context of this appeal. Square's remaining pending motions and "Petition for Writ of Mandamus" are denied.

**AFFIRMED.**