Mack H. WILLIAMS, Plaintiff–Appellant,

v.

Sheila E. WIDNALL, Secretary, Department of the Air Force, Agency, Defendant–Appellee.

No. 95–6064.

United States Court of Appeals, Tenth Circuit.

March 26, 1996.

Darril L. Holden, Oklahoma City, Oklahoma, for Plaintiff–Appellant.

Patrick M. Ryan, United States Attorney, Steven K. Mullins, Assistant United States Attorney, Oklahoma City, Oklahoma (David W. Claypool, Major, USAF, Trial Attorney, General Litigation Division, Air Force Legal Services Agency, Arlington, Virginia, of counsel), for Defendant–Appellee.

Before BRORBY, HOLLOWAY and HENRY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Plaintiff Mack H. Williams brought this action alleging defendant had terminated his federal civilian employment in violation of § 501(b) of the Rehabilitation Act, 29 U.S.C. § 791.[1] Defendant asserted that Mr. Williams was not entitled to the protections of the Act because he was a direct threat to the safety of others and, thus, was not an "individual with a disability" under 29 U.S.C. § 706(8)(C)(v).

The district court agreed and granted defendant's motion for summary judgment. The court held that Mr. Williams was not an "individual with a disability" because he was excluded from coverage under § 706(8)(C)(v) due to threats he had made to his supervisor and co-workers. The court also held that Mr. Williams had failed to establish a prima facie case of discrimination because he had failed to show his handicap was the sole cause of his termination.

Mr. Williams appeals from the order granting defendant's motion for summary judgment. We affirm.[2]

---

**1.** Section 501 of the Rehabilitation Act of 1973, in its original form, required federal agencies to adopt affirmative action plans for employment of the handicapped but contained no private right of action. Congress added such a right in 1978 by enacting section 505(a)(1), 29 U.S.C. § 794a(a)(1), which provided the rights and remedies of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 were available to a person complaining of discrimination in violation of Section 501. *See Boyd v. United States Postal Serv.,* 752 F.2d 410, 412 (9th Cir.1985). This circuit has determined that section § 501(b) pro-

vides the only cause of action under the Act for federal employees who suffer disability based discrimination in the course of their employment. *Johnson v. United States Postal Serv.,* 861 F.2d 1475, 1478 (10th Cir.1988), *cert. denied,* 493 U.S. 811, 110 S.Ct. 54, 107 L.Ed.2d 23 (1989).

**2.** After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

## I

■ We review a district court's order granting summary judgment de novo, applying the same legal standard used by the district court. *Universal Money Ctrs., Inc. v. AT & T,* 22 F.3d 1527, 1529 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). If no genuine issue of material fact is in dispute, we then determine whether the substantive law was correctly applied by the district court. *Id.*

To determine whether genuine issues of material fact are disputed and whether the district court correctly applied the law in this case, we must first establish how a claim arising under § 501 should be analyzed. Neither we nor any other circuit has established the elements of a prima facie case in a § 501 action.[3] In *Pushkin,* we held that in cases arising under § 504 of the Rehabilitation Act, a plaintiff may establish a prima facie case of discrimination by showing (1) he is a disabled person; (2) he was otherwise qualified *apart from* his handicap, i.e., with or without reasonable accommodation, he could perform the job's essential functions; and (3) he was terminated under circumstances which give rise to an inference that his rejection was based solely on his disability. *See Pushkin,* 658 F.2d at 1387. In *White,* 45 F.3d at 360–61, we adopted the same model in cases arising under the Amer-

icans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213.

Thus, while our initial task in this case is to determine how a plaintiff may establish a prima facie case under § 501, for ease of discussion, we will use the *Pushkin–White* framework to guide our analysis. We note that the parties do not contend that elements (1) and (2) of the standard prima facie case do not apply in § 501 cases.[4]

## II

■ Section § 501 of the Rehabilitation Act provides a cause of action for federal employees alleging employment discrimination based on a disability. *See Johnson,* 861 F.2d at 1477–78. Therefore, we first look to see whether Mr. Williams is a disabled individual entitled to the Act's protections.

■ Mr. Williams admits he is an alcoholic. Alcoholism is a covered disability. *See* § 706(8)(C)(v)(excluding certain alcoholics from coverage); *Leary v. Dalton,* 58 F.3d 748, 752 (1st Cir.1995), and cases cited therein. The district court, however, held that Mr. Williams was not an individual with a disability because, although an alcoholic, Mr. Williams was exempted from coverage by § 706(8)(C)(v). We disagree. Section 706(8)(C)(v) does exempt from coverage "any individual who is an alcoholic whose current use of alcohol prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol abuse, would constitute a direct threat to property or the safety of others." However, § 706(8)(C)(v) expressly applies only to individuals bringing suit under §§ 793 and 794. Mr. Williams brought his action under § 791; therefore, § 706(8)(C)(v)

---

**3.** Neither party disputes the fact that the burden-shifting scheme as set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981), as adapted for cases arising under § 504 of the Rehabilitation Act in *Pushkin v. Regents of University of Colorado,* 658 F.2d 1372, 1386–87 (10th Cir.1981), with exceptions as noted in *White v. York International Corp.,* 45 F.3d 357, 361 n. 6 (10th Cir.1995), applies here. Therefore, Mr. Williams must first establish a

prima facie case before the burden shifts to defendant to show a nondiscriminatory reason for its action, after which Mr. Williams may attempt to show defendant's proffered reason was pretextual.

**4.** As establishment of element (3), *i.e.* whether a § 501 plaintiff must show that his disability was *the* cause or *a* cause of termination, is not necessary to the resolution of this case, we leave that issue to another day.

does not apply. We adopt the court's reasoning in *Crewe v. United States Office of Personnel Management,* 834 F.2d 140, 142 (8th Cir.1987), in which the court explained that:

First, it would be perverse to any rule of statutory interpretation to extend a specific exclusion limited to two expressly named sections to a third unnamed section. Second, appellee contends that § 706(8)(B) [now found at § 706(8)(C)(v) ] merely codifies the existing definition of the term "qualified individual with handicaps" found in §§ 793 and 794.... Contrary to appellee's argument, this is strong support that the exclusion was not intended to extend to § 791(b) because § 791(b) does not use the term "qualified." Finally, § 791(b) is intended to make the federal government a model employer of the handicapped.... As part of that goal an affirmative action plan is imposed upon the federal employer, § 791(b), which is not imposed on other employers. Therefore, the fact that the § 706(8)(B) exclusion does not apply to § 791(b) is logical because of the federal government's greater affirmative duty in the employment of the handicapped.

*Id.* at 142 (citations omitted).

Because § 706(8)(C)(v) does not apply in this § 501 action, we conclude that Mr. Williams met his burden as to the first element of the prima facie case. Mr. Williams is a disabled person.

### III

■ To establish the second element of a prima facie case, Mr. Williams must show he was qualified to perform his job's essential functions *apart from* his handicap, i.e., with or without reasonable accommodation. Mr. Williams contends he was qualified, or would have been qualified, to perform the essential functions of his job had defendant provided reasonable accommodation for his alcoholism. Mr. Williams argues defendant failed to reasonably accommodate his alcoholism because he was not provided inpatient treatment for a sufficient period of time prior to his termination.

Mr. Williams does not refute the finding of the Merit Systems Protection Board that he was entered into treatment. Appellee's App. at 35; *see also id.* at 78. Further, Mr. Williams does not dispute the fact that he had been in an inpatient rehabilitation program for a week at the time he made one of the threats. *Id.* at 37 n. *.

■ Reasonable accommodation for the handicap of alcoholism requires, *inter alia,* that an employee be given time off to participate in a treatment program. *See Fuller v. Frank,* 916 F.2d 558, 562 (9th Cir.1990). Mr. Williams was allowed time off for treatment. However, defendant was under no obligation to wait until Mr. Williams successfully completed the program, especially where as here, the threats continued while he was in treatment. *See id.* We agree that

"both effective treatment and the needs of the workplace require that an alcoholic employee be firmly confronted with the consequences of his drinking. Excessive sensitivity is no more conducive to a cure than is undue rigor, and in the final analysis 'reasonable accommodation' is the establishment of a process which embodies a proper balance between the two."

*Id.* at 561 (quoting *Rodgers v. Lehman,* 869 F.2d 253, 259 (4th Cir.1989)).

Thus, defendant did all it was reasonably required to do to accommodate Mr. Williams' disability. Because the threats continued despite treatment, defendant was justified in concluding Mr. Williams' handicap could not be reasonably accommodated without "undue hardship" on defendant in the form of potential harm to Mr. Williams' supervisor and co-workers. *See, e.g., School Bd. of Nassau County v. Arline,* 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 1131 n. 17, 94 L.Ed.2d 307 (1987). Because his disability could not be reasonably accommodated, Mr. Williams cannot satisfy the second prong of the prima facie case.

### IV

■ However, Mr. Williams contends the threats he made were a direct result of his disability. We have not addressed whether an adverse action may properly be taken against a party because of an attribute

caused by the handicap and not the handicap itself.

Mr. Williams urges that we adopt the court's position in *Teahan v. Metro–North Commuter Railroad*, 951 F.2d 511 (2d Cir. 1991), *cert. denied*, 506 U.S. 815, 113 S.Ct. 54, 121 L.Ed.2d 24 (1992), and hold that adverse actions taken against an employee caused by the employee's handicap are sufficient to support a claim under § 501(b). Brief of Appellant at 7–8. In *Teahan*, the court held that termination which was justified as being due to absenteeism shown to be caused by substance abuse is termination "solely by reason of" that abuse for purposes of the Act. 951 F.2d at 517.

We disagree. We cannot adopt an interpretation of the statute which would require an employer to accept egregious behavior by an alcoholic employee when that same behavior, exhibited by a nondisabled employee, would require termination. We agree that "an employer subject to the Rehabilitation Act must be permitted to terminate its employee on account of egregious misconduct, irrespective of whether the employee is handicapped." *Little v. FBI*, 1 F.3d 255, 259 (4th Cir.1993). There the court noted that an "employer 'may hold a[n] ... alcoholic to the same standard of performance and behavior to which it holds others, even if any unsatisfactory performance or behavior is related to the person's ... alcoholism.' " *Id.* at 258 (quoting 42 Fed.Reg. 22,686 (1977)). We agree with the view that "the Act does not protect alcoholics or drug addicts from the consequences of their misconduct." 1 F.3d at 258.

The Sixth Circuit rejected the *Teahan* holding in *Maddox v. University of Tennessee*, 62 F.3d 843 (6th Cir.1995), and held that "[e]mployers subject to the Rehabilitation Act and ADA must be permitted to take appropriate action with respect to an employee on account of egregious or criminal conduct, regardless of whether the employee is disabled." *Id.* at 848. The court supported its reasoning by noting that both § 706(8)(C)(v) and 42 U.S.C. § 12114(c)(4) of the ADA clearly contemplate distinguishing misconduct from one's status as an alcoholic.

*Id.* at 847–48. The court concluded that "it strains logic to conclude that such [egregious or criminal] action could be protected under the Rehabilitation Act or the ADA merely because the actor has been diagnosed as an alcoholic and claims that such action was caused by his disability." *Id.* at 848.

Mr. Williams does not deny that he made threats against his supervisor and co-workers. *See* Appellee's App. at 77–78. He also does not deny that he received a letter placing him in a nonduty pay status and putting him on notice that if he did not provide certification from a mental health professional that he could safely return to work, administrative action including removal would be considered. *Id.* at 19. Mr. Williams also does not deny that he was removed in accordance with Air Force regulations which authorize removal as a penalty for threatening another with bodily harm. *Id.* at 20, 87. Clearly, Mr. Williams' dismissal was for his egregious conduct and the threat it posed to the safety of his supervisor and co-workers.

## V

In conclusion, here the plaintiff Williams failed to satisfy the second prong of a prima facie case under § 501. Thus, the summary judgment for the Secretary was proper.

**AFFIRMED.**