F I L E D
United States Court of Appeals
Tenth Circuit

APR 2 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DARRYL E. EDWARDS,

   Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE; MARVIN T. RUNYON,
Postmaster General,

   Defendants-Appellees.

No. 96-5170
(D.C. No. 95-CV-685-B)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

Plaintiff was denied a mail carrier position with defendant United States Postal Service ("USPS") on the ground he was not physically fit to perform the essential functions of the job without risking injury to himself.[1] Mr. Edwards

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

now appeals the district court's grant of summary judgment to defendants on his claim for handicap discrimination under section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791. The district court determined that plaintiff did not establish that he was "an individual with a disability" within the meaning of the Rehabilitation Act and, in any event, that defendants' determination that he was not physically able to perform the job without risk of injury was based on reasonable factors.

We review the grant of summary judgment de novo, applying the same standards as the district court. See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (quotations omitted). Based upon our review of the record, the parties' briefs, and the pertinent law, we agree with the district court that plaintiff failed to establish the first element of his prima facie case: that he was "disabled" within the meaning of the Rehabilitation Act. See, e.g., Williams v. Widnall, 79 F.3d 1003, 1005 (10th Cir. 1996) (discussing first element of prima facie case under section 501).

The definition of a disabled person under the Rehabilitation Act consists of two parts: "first, that one has, has a record of having, or is regarded as having a

physical or mental impairment; and second, that that impairment substantially limits one or more major life activities." Welsh v. City of Tulsa, 977 F.2d 1415, 1417 (10th Cir. 1992); see also 29 U.S.C. § 706(8)(B) (defining "an individual with a disability"). The record before us clearly establishes the first part: USPS regarded plaintiff as having a physical impairment.

In May 1986, plaintiff sustained a work-related injury to his neck and left shoulder, which also affected his left arm and upper back. In 1992, the workers' compensation court awarded him temporary total disability benefits for the periods from May until December 1986, and from July until October 1990. In 1993, plaintiff applied with USPS for the position of "rural carrier associate--emergency." He was denied that position based solely on the opinion of Dr. Taaca, the USPS medical officer responsible for determining an applicant's medical suitability for a particular job.

After reviewing the medical records,[2] Dr. Taaca concluded that plaintiff "would be at increased risk for injury and aggravation of preexisting conditions in the position of Rural Carrier Associate because of the heavy, vigorous demands of

---

[2]     The medical records indicated that a neurologist who examined plaintiff in 1990 found that he had "the symptoms and symptom complex of a left thoracic outlet syndrome." Appellant's App., Vol. I, at 3-113. Thoracic outlet syndrome results from the compression of nerves and/or blood vessels to the upper extremities. See Appellee's Supplemental App. at 13-14.

the position." Appellant's App., Vol. I, at 3-27.[3] Although Mr. Edwards' injury was several years old, he suffered from "a physical defect that by its nature would still be present. Therefore, the risk for injury and/or reinjury still exists . . . ." Id.

The dispositive issue before us concerns the second part of the definition of "disabled": whether the perceived impairment substantially limits one or more major life activities. Plaintiff identifies two major life activities that he contends are limited by his perceived impairment: the performance of manual tasks, and working. See 29 C.F.R. § 1614.203(a)(3) (listing "performing manual tasks" and "working" as examples of "major life activities"). As we have previously held, the Rehabilitation Act requires that "the impairment must be a significant one." Welsh, 977 F.2d at 1417 (quotation omitted). Thus, with regard to the activity of working, for instance, the plaintiff's "[p]hysical condition must place [the] individual so far outside the norm as to make it impossible or unusually difficult . . . to perform work that could be done by most other people." Id. at 1418 (quotation omitted). "[A]n impairment that an employer perceives as limiting an individual's ability to perform only one job is not a handicap under the Act." Id. at 1419.

---

[3] The job plaintiff sought required "heavy lifting of up to 70 pounds, heavy carrying of 45 pounds and over, frequent reaching above the shoulder, repeated bending and repeated use of arms and legs for up to at least 8 hours[,]" and was "very fast paced and repetitive and . . . quite strenuous." Appellant's App., Vol. I, at 3-26 to 3-27.

-4-

Plaintiff has the burden at trial of proving that the perceived impairment substantially limited his ability to work or to perform manual tasks. See id. In order to avoid summary judgment, Mr. Edwards was "obligated to come forward with specific facts showing that there is a genuine issue for trial on this matter." Id. (quotations omitted). Our review of the record reflects that plaintiff did not present admissible evidence sufficient to establish a question of fact as to whether the USPS perceived plaintiff's impairment as substantially limiting either his ability to work or his ability to perform manual tasks.[4] At most, the evidence shows that USPS considered plaintiff physically unfit to perform the rigorous duties of the particular job for which he applied.

Because we conclude that plaintiff failed to establish an element of his prima facie case, we AFFIRM the grant of summary judgment to defendants and need not address the other arguments plaintiff raises on appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[4] The only evidence plaintiff presented that the USPS perceived him as physically unfit for all postal jobs consisted of a statement allegedly made to him by Ms. Hunt, a Tulsa postal employee, that Dr. Taaca's medical determination would disqualify plaintiff from all positions with the USPS. Ms. Hunt's out-of-court statement is inadmissible hearsay and does not qualify as an admission by a party-opponent in the absence of any evidence that the USPS either manifested an adoption or belief in its truth, or that Ms. Hunt was authorized by the USPS to make such a statement. See Fed. R. Evid. 801(c), (d)(2)(B)-(C).