**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JULIANNE E. WILLETT,

      Plaintiff-Appellant,

v.

STATE OF KANSAS,

      Defendant-Appellee.

No. 96-3374
(D.C. No. 95-CV-4052)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]

_____

Before KELLY and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

_____

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Plaintiff Julianne E. Willett appeals from an order of the district court granting defendant's motion for summary judgment in this action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the Rehabilitation Act, 29 U.S.C. §§ 701-797b.[1]  See Willett v. Kansas, 942 F. Supp. 1387 (D. Kan. 1996).  We affirm.

The parties are familiar with the facts and we will not repeat them here other than as necessary to our disposition.  Ms. Willett was employed as a Licensed Practical Nurse by defendant at the Kansas Neurological Institute.  She was diagnosed with lupus erythematosus.  To enable her to perform her job, she requested a lightweight cart for passing medications and a transfer to a unit which required less walking than the unit to which she was currently assigned.

On appeal, Ms. Willett argues that she is a "qualified individual with a disability" and, with accommodation, she can perform the essential functions of her job.  42 U.S.C. § 12111(a); see also White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995).  She asserts her requested accommodations were reasonable and her supervisor's one-time offer of a transfer did not release defendant from all subsequent duties to consider her request for reasonable accommodation.

---

[1]     Ms. Willett raises no issues on appeal regarding the district court's disposition of her claims under the Rehabilitation Act.

We review de novo the district court's grant of summary judgment, employing the same legal standard as used by the district court. See Williams v. Widnall 79 F.3d 1003, 1005 (10th Cir. 1996).

In the pretrial order, Ms. Willett stipulated that she had received a lightweight cart and that she had been offered a transfer to another unit which she refused. Parties are bound by their pretrial stipulations. See Mills v. State Farm Mut. Auto. Ins. Co., 827 F.2d 1418, 1422 (10th Cir. 1987). We will not address arguments challenging stipulations which are clear and unambiguous, and which are neither improvident nor result in manifest injustice. Id. Ms. Willett contends her stipulation was not clear and unambiguous because she was not initially offered a permanent cart and because the unit to which she refused transfer, in her opinion, required more walking.

If an individual rejects a reasonable accommodation and, therefore, cannot perform the essential functions of the job, that "individual will not be considered a qualified individual with a disability." 29 C.F.R. § 1630.9(d). We agree with the district court that it is immaterial whether Ms. Willett was initially offered a temporary or permanent lightweight cart. We also agree that Ms. Willett failed to present material evidence contesting defendant's assertion that the unit to which she was offered a transfer would offer less walking than the one on which she

currently worked.[2]  See White, 45 F.3d at 360 (conclusory allegations will not defeat "properly supported motion for summary judgment").

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[2]  We admonish counsel not to alter documents submitted on appeal in order to present evidence in a more favorable light than it appeared to the district court. We note that the alterations made here are conclusory and would not support a reversal in this case, even were we to consider them.