**Grady Wayne JONES, Plaintiff,**

v.

**CORRECTIONS CORPORATION OF AMERICA, et al., Defendants.**

**No. Civ.A. 97–2345–EEO.**

United States District Court,
D. Kansas.

Feb. 19, 1998.

William R. Thornton, Patrick E. Henderson, Duncan–Senecal Law Office, Chtd., Atchison, KS, for Plaintiff.

Michael P. Crow, Martha B. Crow, Crow, Clothier & Bates, Leavenworth, KS, for Defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendants' Motion to Dismiss (Doc. # 3). For the reasons set forth below, defendants' motion is denied.

### Factual Background

Plaintiff Jones is a former employee of defendant Corrections Corporation of America (CCA). Mr. Jones alleges the following facts in his complaint.

Plaintiff was employed by CCA for approximately five years, nearly three of which he worked at the Leavenworth Detention Center (LDC). Defendant Graf was the warden of LDC during plaintiff's employment and was responsible for final employment decisions. Mr. Jones received high performance evaluations and maintained an excellent attendance record throughout his employment.

Pursuant to CCA's random drug testing policy, Mr. Jones was asked to give a urine sample on August 29, 1996. The provided sample was left unattended and not sealed or labeled with plaintiff's name in his presence. The sample tested positive for marijuana use. Plaintiff showed no outward indications of drug use. CCA subsequently directed that plaintiff must enter drug treatment and submit to regular drug testing if he wished to continue his employment. Mr. Jones refused, denying any illegal drug use. On September 6, 1996, Mr. Graf terminated plaintiff's employment because of the positive drug test and plaintiff's unwillingness to pursue treatment. Plaintiff obtained a drug screen from his private physician on September 9, 1996, which tested negative for illegal drug use, including marijuana.

### Standards for a Motion to Dismiss

A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove

no set of facts in support of the claims that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991). A court judges the sufficiency of the complaint by accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The issue in resolving a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. If the complaint is "too general," then it will not provide fair notice to the defendant. *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993).

A plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). In short, Rule 8(a) relieves a plaintiff from pleading technicalities and from alleging detailed facts that establish his right to judgment. *Trevino v. Union Pacific R. Co.*, 916 F.2d 1230, 1234 (7th Cir.1990). Rule 8(a), however, still requires minimal factual allegations on those material elements that must be proved to recover on each claim. *See Hall v. Bellmon*, 935 F.2d at 1110. A court may not assume that a plaintiff can prove facts that he has not alleged, or that the defendant has violated laws in ways that plaintiff has not alleged. *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

*Analysis*

Plaintiff brings his action under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*

■ The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "[T]o qualify for relief under the ADA, a plaintiff must establish (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability." *White v. York Int'l Corp.*, 45 F.3d 357, 360–361 (10th Cir.1995). Defendants argue that plaintiff's complaint fails to establish any of the three elements set forth in *White* and therefore must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

■ A plaintiff must first establish "that he is a disabled person within the meaning of the ADA." *White*, 45 F.3d at 360. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; . . . or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Plaintiff asserts that he falls within this definition because he was regarded as being addicted to an illegal drug. The court agrees.

Current users of illegal drugs are expressly denied the protection of the ADA. *See* 42. U.S.C. § 12114(a); 29 C.F.R. § 1630.3(a). However, an employee who "is erroneously regarded as engaging in such use, but is not engaging in such use" is not so excluded. *See* 42 U.S.C. § 12114(b)(3); 29 C.F.R. § 1630.3(b)(3). Thus, a plaintiff can establish that he is disabled within the meaning of the ADA by showing that he was regarded as being addicted to drugs, but was in fact not engaging in such drug use. *See* 29 C.F.R. pt. 1630, App. § 1630.3.

Plaintiff points to defendants' alleged demand that he enter drug treatment as a condition of continued employment as evidence that they believed him to be addicted to drugs, arguing that the only logical reason to demand drug treatment is such a belief. In support of his assertion that he was not illegally using drugs, Mr. Jones claims that his urine sample was mishandled, that he showed no other signs indicative of drug use, and that he subsequently produced a clean urine sample through his own physician.

■ Second, a plaintiff must establish "that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job." *White,* 45 F.3d at 360. Determining whether an individual is qualified within the meaning of the ADA requires a two step inquiry: first, "whether the individual could perform the essential functions of the job," and second, "if (but only if) . . . the individual is not able to perform the essential functions of the job, . . . whether any reasonable accommodation by the employer would enable him to perform those functions." *White,* 45 F.3d at 361–362.

Defendants propose that allowing an opportunity to participate in treatment is reasonable accommodation of an addiction, citing two cases concerning the disability of alcoholism in support: *Williams v. Widnall,* 79 F.3d 1003, 1006 (10th Cir.1996); and *Fuller v. Frank,* 916 F.2d 558, 562 (9th Cir.1990). When an employee "rejects a reasonable accommodation . . . that is necessary to enable the individual to perform the essential functions of the position held . . . and cannot, as a result of that rejection, perform the essential functions of the position, the individual will not be considered a qualified individual with a disability." 29 C.F .R. § 1630.9(d); *see also, Hankins v. The, Gap, Inc.,* 84 F.3d 797, 801 (6th Cir.1996). Defendants argue that plaintiff thus lost his "qualified" status when he refused defendants' offer to enter drug treatment. We disagree.

Mr. Jones is not requesting reasonable accommodation; rather, he asserts that he is able to perform the functions of his former employment without accommodation. In support, plaintiff alleges that he received high ratings on his performance evaluations and maintained an excellent attendance record. Under the two step inquiry of *White,* 45 F.3d at 361, if an individual can perform the essential functions of his job, then he is qualified within the meaning of the ADA and the question of reasonable accommodation becomes moot.

■ Finally, a plaintiff must establish "that the employer terminated him because of his disability." *White,* 45 F.3d at 360–361. Mr. Jones alleges that he was terminated because of the positive urinalysis and his refusal to enter drug treatment. Defendant argues that if plaintiff was terminated at least in part because of his refusal to participate in drug treatment, then he cannot have been terminated solely because of a disability. We disagree.

It is well established that an employer may terminate a disabled employee for legitimate, non-discriminatory reasons. See, e.g., *Williams v. Widnall,* 79 F.3d 1003, 1007 (10th Cir.1996) (alcoholic employee terminated because he threatened other employees); *Daigle v. Liberty Life Ins. Co.,* 70 F.3d 394, 395, 397 (5th Cir.1995) (manager with learning disability terminated because he was dishonest and abusive to employees). However, both of the asserted reasons for plaintiff's termination relate directly to defendants' belief that Mr. Jones was using illegal drugs. An employee cannot be required to accept an unnecessary accommodation. *See* 29 C.F.R. § 1630.9(d). Therefore, the termination of an employee because of his refusal to accept an unnecessary accommodation is in violation of the ADA.

The court finds that plaintiff's complaint sufficiently establishes each element of the White test and thus presents a prima facie case of disability discrimination under the ADA. At this juncture of the case, we are not called on to determine whether plaintiff will ultimately prevail; we simply hold that he has stated a claim. *Scheuer v. Rhodes,* supra.

IT IS THEREFORE ORDERED that defendants' Motion to Dismiss (Doc. # 3) is denied.