*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0068p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

SUSAN LEWIS,

        *Plaintiff-Appellant,*

     *v.*

HUMBOLDT ACQUISITION CORPORATION,
INC., dba Humboldt Manor Nursing Home,
        *Defendant-Appellee.*

No. 09-6381

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 07-01054—J. Daniel Breen, District Judge.

Decided and Filed: March 17, 2011

Before: MERRITT, CLAY, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Michael L. Weinman, WEINMAN & ASSOCIATES, Jackson, Tennessee,
for Appellant. James K. Simms, IV, J. Cole Dowsley, Jr., CORNELIUS & COLLINS,
LLP, Nashville, Tennessee, for Appellee.

     MERRITT, J., delivered the opinion of the court, in which CLAY and GRIFFIN,
JJ., joined. GRIFFIN, J. (pp. 6–7), delivered a separate concurring opinion.

_____

**OPINION**

_____

     MERRITT, Circuit Judge. It is a well-established rule of this circuit that one
panel cannot overrule the holding of another panel, absent an intervening inconsistent
opinion from the U.S. Supreme Court. Susan Lewis, however, asks this panel to do just
that. She complains that the jury considering her discrimination claim under the
Americans with Disabilities Act ("ADA") should have been instructed that, in order for

1

her to prevail, her disability need only be the "motivating factor" for her termination, as required by a supermajority of our sister circuits, rather than the "sole" factor, as required by *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996). Regardless of whether or not this holding of *Monette* is correct on the merits, this panel is powerless to overrule it. Accordingly, we **AFFIRM** the judgment of the district court.

## I. Background

Susan Lewis, a registered nurse, began working in July 2004 at Humboldt Manor Nursing Home ("Humboldt Manor"). At some time in September 2005, she alleged that she developed a medical condition that, "among other things, affected her lower extremities." This condition, she alleged, made it difficult for her to walk and entirely prevented her from working for one month. When Lewis returned to work, she sometimes used a wheelchair.

Humboldt Manor terminated Lewis on March 20, 2006. Its alleged reason for her termination was an "outburst" by Lewis at the nurses' station that occurred on March 15. Three employees of Humboldt Manor testified that during this outburst, Lewis yelled, criticized her supervisors, and used profanity. Lewis and another employee, Tom Collins, testified that Lewis was upset but did nothing inappropriate. Lewis believed that the true cause of her termination was her use of a wheelchair—*i.e.*, her disability—and that Humboldt Manor had exaggerated the severity of her behavior in order to use it as a pretext for her termination.

Lewis filed suit in federal district court for wrongful termination under the ADA.[1] In her proposed jury instructions, Lewis requested that the jury must determine whether her perceived disability was a "motivating factor" in the termination decision. The district court, instead, mirroring its jury instructions on *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996), told the jury that Lewis could

---

[1]Lewis's lawsuit also included a claim under the ADA's state-law counterpart, the Tennessee Disability Act, but that claim is not at issue in this appeal.

recover only if her disability was the "sole reason" for the decision to terminate.  The jury found in favor of Lewis on two of the three elements of her ADA claim:  it determined that Humboldt Manor regarded her as disabled and that she was a "qualified individual" under the ADA.  However, the jury found against Lewis on the third element:  it determined that her disability was not the sole reason for her termination.  Accordingly, the district court entered judgment in favor of Humboldt Manor.  Lewis now appeals on a single issue:  whether the district court erred by instructing the jury on the "solely" causation standard.

## II. Analysis

The ADA prohibits discrimination "on the basis of" disability.  42 U.S.C. § 12112(a).  Of the ten circuits that have considered the contours of this causation standard, eight currently apply a "motivating factor" (or a "substantial cause") test; that is, a plaintiff must prove that his disability was only a motivating factor of the adverse employment action in order to prevail.  *See, e.g.*, *Pinkerton v. Spellings*, 529 F.3d 513, 518–19 & n.30 (5th Cir. 2008) (collecting cases).  The current law in the Sixth Circuit,[2] however, is that a plaintiff must prove that his disability was the "sole reason" for the adverse employment action.  *See Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996) ("To recover on a claim of discrimination under the [ADA], a plaintiff must show that . . . he was discharged *solely* by reason of his handicap.") (emphasis added).[3]  Lewis challenges the district court's use of the "solely" standard in its instructions to the jury.  In essence, she asks this panel to overrule *Monette* and join sides with the supermajority of the circuits.

---

[2]The Tenth Circuit appears to be the only other circuit that currently employs the "solely" standard for ADA discrimination claims.  *See, e.g.*, *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *Williams v. Widnall*, 79 F.3d 1003, 1005 (10th Cir. 1996).

[3]The Sixth Circuit apparently adopted the "solely" causation standard for ADA claims from the Rehabilitation Act of 1973, which itself expressly requires sole causation, *see* 29 U.S.C. § 794(a), due to the parallel nature of those two statutes.  *See Monette*, 90 F.3d at 1177 (mentioning briefly, as justification for the "solely" standard, that "[t]he analysis of claims under the [ADA] roughly parallels those brought under the Rehabilitation Act").

"A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). This principle also has been codified in the Sixth Circuit Rules. *See* 6th Cir. R. 206(c) ("Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court.").

The parties do not cite any U.S. Supreme Court decision that is inconsistent with this circuit's use of the "solely" standard, nor has our own independent research uncovered any. Moreover, on four separate occasions already, panels of judges on this circuit have refused to overrule *Monette*'s "solely" standard; each time, those panels cited *Salmi* to explain that their hands were tied. *See Macy v. Hopkins County Sch. Bd. of Educ.*, 484 F.3d 357, 364 n.2 (6th Cir. 2007) (explaining that the panel was "bound by *Monette*" whether its reasoning "was correct or not"); *Hedrick v. W. Reserve Case Sys.*, 355 F.3d 444, 454 (6th Cir. 2004); *see also Layman v. Alloway Stamping & Mach. Co.*, 98 F. App'x 369, 375–76 (6th Cir. 2004) (unpublished); *McLeod v. Parsons Corp.*, 73 F. App'x 846, 858 (6th Cir. 2003) (unpublished). Lewis provides no reason in her brief why this panel can overrule *Monette* when so many others held that they could not.

Accordingly, Sixth Circuit rules prevent this panel from overruling *Monette*'s holding that for a plaintiff to prevail on a discrimination claim under the ADA she must prove that she was terminated "solely" because of her disability. Unless that holding is overruled by the full Sixth Circuit sitting en banc or is undermined by an inconsistent decision from the U.S. Supreme Court, it remains good law in this circuit. Lewis's jury instructions, which were based on *Monette*, were proper.[4]

---

[4]To avoid the inefficiency of appealing to a panel that could not grant her the remedy that she seeks, Lewis could have filed a petition requesting that her appeal initially be heard en banc, rather than by this panel. *See* Fed. R. App. P. 35. Although en banc hearings are "not favored," they may be ordered when "the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a)(2). One such example is a case in which a panel decision "conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue." Fed. R. App. P. 35(b)(1)(B). Of course, after this panel issues its opinion, Lewis may still move for rehearing en banc. *See* Fed. R. App. P. 40.

## III.  Conclusion

For these reasons, we **AFFIRM** the district court's judgment in favor of Humboldt Manor.

––––––––––––––––––––

**CONCURRENCE**

––––––––––––––––––––

GRIFFIN, Circuit Judge, concurring.  I join in the majority opinion because our precedent currently requires a plaintiff bringing a discrimination claim under the ADA to show that her disability was the "sole reason" for the adverse employment action.  *See Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 452 (6th Cir. 2004); *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996).  Because that precedent is binding on this panel, the majority correctly concludes that we are compelled to affirm the judgment of the district court.  *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); *see also* 6th Cir. R. 206(c) (explaining that "[r]eported panel opinions are binding on subsequent panels").  I write separately because our precedent on this issue of exceptional importance is misguided and contrary to the overwhelming authority of our sister circuits.  Accordingly, the question appears appropriate for rehearing en banc.  *See* Fed. R. App. P. 35(b)(1)(B).

We lifted the "sole reason" requirement from the Rehabilitation Act's "solely by reason of her or his disability" language, *see* 29 U.S.C. § 794(a), and imported it into the ADA, reasoning in a footnote in *Maddox v. University of Tennessee*, 62 F.3d 843 (6th Cir. 1995), that "[t]he analysis of claims under the Americans with Disabilities Act roughly parallels those brought under the Rehabilitation Act." *Monette*, 90 F.3d at 1177-78 (citing *Maddox*, 62 F.3d at 846 n.2).  As a super-majority of our sister circuits have held, however, the plain language of the ADA does not support application of the Rehabilitation Act's "sole reason" standard.  *See Pinkerton v. Spellings*, 529 F.3d 513, 518-19 & n.30 (5th Cir. 2008) (collecting cases); *see also Macy v. Hopkins County Sch. Bd. of Educ.*, 484 F.3d 357, 364 n.2 (6th Cir. 2007) ("It appears that every other circuit save one that has addressed the issue has held that an employee may recover under the ADA if the employee's disability was a 'motivating factor' in the employer's decision,

and that the employee need not establish that he or she was fired 'solely' because of his or her disability.").

In construing a statute, "[i]t is elementary that the meaning . . . must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917); *accord United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009). "If the words are plain, they give meaning to the act, and it is neither the duty nor the privilege of the courts to enter speculative fields in search of a different meaning." *Caminetti*, 242 U.S. at 490. Indeed, the Supreme Court has admonished "time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006) (citation and internal quotation marks omitted).

Here, the ADA prohibits discrimination "on the basis of disability," 42 U.S.C. § 12112(a), (formerly "because of") and "by reason of such disability," *id.* at § 12132. Our sister circuits have observed that, among other things, these provisions "do not contain the word 'solely,' or any other similar restrictive term," *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1073 (11th Cir. 1996), and that "[t]he elimination of the word 'solely' from the causation provision of the ADA suggests forcefully that Congress intended the statute to reach beyond the Rehabilitation Act to cover situations in which discrimination on the basis of disability is one factor, but not the only factor, motivating an adverse employment action," *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 337 (2d Cir. 2000). I agree with these courts and were I allowed, I would hold that our "sole reason" standard is contrary to the plain language of the ADA.