**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

———————————————————

JARED DENNIS,

    Plaintiff - Appellant,

v.

JAIME FITZSIMONS, in his official
capacity as Sheriff of Summit County,
Colorado,

    Defendant - Appellee.

No. 19-1377
(D.C. No. 1:18-CV-00128-MSK-STV)
(D. Colo.)

———————————————————

## ORDER

———————————————————

Before **BRISCOE**, **MORITZ**, and **CARSON**, Circuit Judges.

———————————————————

Appellee's Unopposed Motion to Correct the Order and Judgment is GRANTED.
The Clerk shall replace our March 3, 2021 Order and Judgment with the attached revised
Order and Judgment effective *nunc pro tunc* to the date the original Order and Judgment
was filed.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk

FILED
United States Court of Appeals
Tenth Circuit

March 3, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JARED DENNIS,

     Plaintiff - Appellant,

v.

JAIME FITZSIMONS, in his official
capacity as Sheriff of Summit County,
Colorado,

     Defendant - Appellee.

No. 19-1377
(D.C. No. 1:18-CV-00128-MSK-STV)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Although employers cannot discriminate against disabled individuals, both the

Americans with Disabilities Act ("ADA") and the Rehabilitation Act recognize a

distinction between alcoholism the disease and alcohol-related misconduct. Nielsen

v. Moroni Feed Co., 162 F.3d 604, 608–09 (10th Cir. 1998) (collecting cases).

Summit County Sheriff Jaime Fitzsimons ("the Sheriff") terminated Plaintiff Jared

Dennis for being impaired and unavailable as required by the terms of his

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

employment. Plaintiff contends the termination violated the ADA and Rehabilitation Act because the Sheriff fired him for being an alcoholic.

Under our case law, Plaintiff bore the initial burden of establishing a prima facie case of disability discrimination. We hold Plaintiff failed to meet his burden because he did not offer affirmative evidence that the Sheriff terminated him because of his protected status. For that reason, exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's grant of summary judgment for the Sheriff.

I.

In early July 2016, the Summit County Sheriff's Office ("SCSO") promoted Plaintiff to Detective Sergeant. While he served in that role, Plaintiff's wife filed criminal charges against him in neighboring Park County, Colorado. When the Sheriff learned of the charges, he put Plaintiff on paid leave. At that time, the SCSO issued Plaintiff a letter notifying him of his obligations during paid leave. The letter required Plaintiff to "remain at a pre-arranged place, available by phone beginning Thursday, July 28, 2016 from 0900 hrs to 1700 hrs," and to call the SCSO commander on and off duty daily.

On July 28, Plaintiff reported to the Park County jail for booking and arraignment around 7:00 a.m.—two hours before SCSO expected him to be on duty. Jail personnel gave Plaintiff a Portable Breathalyzer Test ("PBT"), which revealed a

2

breath-alcohol content ("BrAC") level of .107—a level indicative of impairment.[1]

Over a three-hour period, jail personnel gave Plaintiff two additional PBTs, each of

which showed impairment.[2] After the third PBT, jail personnel postponed his

arraignment until the next day because the judge could not arraign Plaintiff while he

was legally impaired from alcohol use. Jail personnel kept Plaintiff in custody until

that time.

     Plaintiff did not call the SCSO commander as required by the terms of his

paid leave status. A corporal from Park County, however, called the SCSO to let the

Sheriff know that Plaintiff was in custody and the judge could not arraign him that

day because of his elevated BrAC levels. The Sheriff and his staff met by conference

call and decided to terminate Plaintiff for violating several SCSO policies. The

SCSO notified Plaintiff of his termination and explained that he violated four SCSO

policies:

> (1)    Conduct 400(III)(A)(9) Private Life: Deputies will
> behave in a manner that does not bring discredit to the SCSO
> or themselves;
>
> (2)    Conduct 400(III)(B)(9)(a)(1) Alcohol Use: An
> employee shall not consume alcohol to such a degree that it
> impairs his on-duty performance;

---

[1] The Summit County Government Human Resources Guidelines and Procedures consider a blood alcohol content of 0.05% or greater to be under the influence. And the legal BrAC limit for driving is 0.05 in Colorado.

[2] At about 8:03 a.m., Plaintiff blew a .107. Around 8:52 a.m., he blew a .082. And around 10:45 a.m., he blew a .06.

(3)   Conduct 400(III)(B)(9)(a)(4) Alcohol Use: An employee shall not consume alcohol for a period of eight hours before going on duty; and

(4)   Internal Affairs 410(VI)(A): Internal Affairs investigative proceedings are confidential personnel issues and shall not be discussed with anyone other than as part of the official investigation.

Plaintiff filed a complaint against Defendant in his official capacity as Sheriff of Summit County alleging the Sheriff violated the ADA and Rehabilitation Act by terminating Plaintiff because of his alcoholism. After some discovery, the Sheriff filed a motion for summary judgment arguing Plaintiff could not establish a prima facie case of discrimination. The Sheriff maintained he terminated Plaintiff for violating various SCSO policies, including being impaired during a paid leave shift and unavailable to the SCSO. For purposes of summary judgment, the district court assumed Plaintiff was disabled, but granted the Sheriff's motion for summary judgment. It determined that Plaintiff failed to meet his burden because he had not come forward with evidence showing "that his termination was based on his status as a disabled person (as opposed to his conduct)."

II.

We review the district court's grant of summary judgment de novo and view the facts in the light most favorable to the nonmoving party. Tabor v. Hilti, Inc., 703 F.3d 1206, 1215 (10th Cir. 2013) (citing Turner v. Pub. Serv. Co., 563 F.3d 1136, 1142 (10th Cir. 2009)). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and . . . the moving party is entitled to judgment as a

4

matter of law." Fed. R. Civ. P. 56(a). "[C]onclusory allegations standing alone will not defeat a properly supported motion for summary judgment." White v. York Int'l Corp., 45 F.3d 357, 363 (10th Cir. 1995) (citing Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 530 (10th Cir. 1994)).

III.

We analyze Plaintiff's claims under the McDonnell Douglas burden-shifting framework because he offers no direct evidence of discrimination. See Woodman v. Runyon, 132 F.3d 1330, 1339 n.8 (10th Cir. 1997) ("Cases decided under section 504 of the Rehabilitation Act are . . . applicable to cases brought under the ADA and vice versa, except to the extent the ADA expressly states otherwise."); EEOC v. C.R. Eng., Inc., 644 F.3d 1028, 1038 (10th Cir. 2011) ("If a plaintiff offers no direct evidence of discrimination, which is often the case, the court applies the burden-shifting analysis articulated by the Supreme Court in McDonnell Douglas Corp."). Under this framework, Plaintiff first had to establish a prime facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Had he done so, the burden would have shifted to the Sheriff to articulate a legitimate, nondiscriminatory reason for Plaintiff's termination. Id. Ultimately the burden would then have shifted back to Plaintiff to show the Sheriff's articulated reason was mere "pretext." Id. at 804. But because Plaintiff failed to establish a prima facie case of discrimination, our analysis ends there.

A.

To establish a prima facie case of discrimination, a plaintiff must prove: (1) he is a disabled person; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of his job; and (3) his employer discriminated against him because of his disability. Justice v. Crown Cork & Seal Co., Inc., 527 F.3d 1080, 1086 (10th Cir. 2008) (citing Zwygart v. Bd. Of Cnty. Comm'rs, 483 F.3d 1086, 1090 (10th Cir. 2007)) (enumerating the prima facie elements for an ADA discrimination claim); Williams v. Windall, 79 F.3d 1003, 1005 (10th Cir. 1996) (citing Pushkin v. Regents of the Univ. of Colo., 658 F.2d 1372, 1387 (10th Cir. 1981)) (enumerating the prima facie elements for a § 504 Rehabilitation Act claim).

To satisfy the third prima facie element, Plaintiff must "present some affirmative evidence that disability was a determining factor" in his termination.[3] Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997) (citing Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 59 (4th Cir. 1995)). The affirmative evidence must show that the Sheriff terminated Plaintiff because of his disability or "under circumstances which give rise to an inference that the termination was based

---

[3] "We have held that alcoholism is a disability under the Rehabilitation Act," and "observed in dicta that the status of being an alcoholic may merit protection under the ADA." Renaud v. Wyo. Dept. of Family Servs., 203 F.3d 723, 729–30 (10th Cir. 2000) (first citing Williams, 79 F.3d at 1005; and then citing Nielsen, 162 F.3d at 609). Plaintiff offers undisputed evidence that he is an alcoholic and the district court treated Plaintiff as an alcoholic in its Order Granting Summary Judgment. So for purposes of our analysis we too treat Plaintiff as a person with a disability.

on [his] disability."[4] Butler v. City of Prairie Vill., 172 F.3d 736, 748 (10th Cir. 1999) (quoting Morgan, 108 F.3d at 1323). Evidence of critical comments about a plaintiff's disability, or a close temporal proximity between the employer learning about the disability and taking adverse employment action may give rise to an inference of discrimination. Butler, 172 F.3d at 749–50 (holding that the third prima facie element was satisfied by evidence of a close temporal proximity between an employee's request for accommodation, and negative evaluations and complaints about his performance). The burden of producing such evidence is "not onerous," but "it is also not empty or perfunctory." Id. at 749 (quoting Ennis, 53 F.3d at 59).

Although the ADA and Rehabilitation Act recognize alcoholism as a disability, we distinguish between alcoholism and alcohol-caused misconduct in reviewing whether a plaintiff has established a prima facie case. Nielsen, 162 F.3d at 608–09. So even though the Acts protect an individual's disabled status, they do not protect

---

[4] Since Morgan and Butler, the Supreme Court has twice suggested that "because of" means "but-for." See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009) (ADEA claims); Univ. of Tex. Sw. Med. Cntr. v. Nassar, 570 U.S. 338 (2013) (Title VII retaliation claims). After Gross and Nassar, other circuits determined that courts must evaluate ADA claims under a "but for" standard. See Murray v. Mayo Clinic, 934 F.3d 1101, 110 (9th Cir. 2019) (collecting cases). But we have not yet made such a determination. And because the parties failed to address the issue here, we decline to make that determination today. See Foster v. Mountain Coal Co., LLC, 830 F.3d 1178, 1191 (10th Cir. 2016) ("In this case, we need not determine the extent to which Nassar alters a plaintiff's burden to prove causation in his prima facie case of ADA retaliation.") We instead find it sufficient to affirm the district court under the "more generous" determining factor standard. See Pulczinski v. Trinity Structural Towers, Inc., 691 F.3d 996, 1002 (8th Cir. 2012). And we "reserve a decision on the meaning of 'because of' in the ADA for a case in which the issue is briefed." Id.

7

"unsatisfactory conduct" caused by alcoholism. Id. Nor do they protect egregious or criminal action "merely because the actor has been diagnosed as an alcoholic and claims that such action was caused by his disability." Williams, 79 F.3d at 1007 (quoting Maddox v. Univ. of Tenn., 62 F.3d 843, 848 (6th Cir. 1995)).

An employer does not have "to accept egregious behavior by an alcoholic employee when that same behavior, exhibited by a nondisabled employee, would require termination." Id. Under the ADA, an employer can still prohibit an employee from being under the influence of alcohol at the workplace and hold an alcoholic employee "to the same qualification standards for employment" as other employees. 42 U.S.C. § 12114(c); see also id. Similarly, the Rehabilitation Act does not protect alcoholics whose current use of alcohol "prevents [them] from performing the duties of the job" or "whose employment, by reason of such current alcohol abuse, would constitute a direct threat to property or the safety of others." 29 U.S.C. § 705(20)(C)(v).

## B.

Plaintiff offers no affirmative evidence that the Sheriff terminated Plaintiff *because* he is an alcoholic. In Plaintiff's view, the fact that the Sheriff (1) knew he had a serious drinking problem and (2) terminated him for showing up drunk to his booking and arraignment, is affirmative evidence that the Sheriff terminated him for being an alcoholic. But Plaintiff's argument misses the mark because it conflates his disability and the misconduct caused by his over-consumption of alcohol. Far from showing the Sheriff fired Plaintiff because of his disability, the summary judgment

8

record shows the opposite.  According to Plaintiff, SCSO *promoted* him to Detective Sergeant *after* learning of the incidents that put the Sheriff on notice of Plaintiff's serious drinking problem.  And despite being on notice for over a year that Plaintiff had a serious drinking problem, Plaintiff offers no evidence that the Sheriff ever took adverse employment action against Plaintiff until he reported to his arraignment and booking impaired.

Before the district court, Plaintiff argued that the Sheriff's justification for terminating him was pretextual.  Plaintiff and his fellow deputy, Rob Pearce, were together drinking the night before Plaintiff's arraignment and, according to Plaintiff, the Sheriff generally knew the two of them drank a great deal of alcohol when together.  But the Sheriff did not give Pearce a breathalyzer test after he learned that Plaintiff showed up drunk for his arraignment.  Plaintiff claimed this showed pretext because the Sheriff treated Pearce differently by not testing or terminating him.

On appeal, Plaintiff's argument about Pearce has evolved.  Plaintiff now appears to argue that the Sheriff's treatment of Pearce is evidence of discrimination, rather than pretext, and sufficient to establish a prima facie case.  Because Plaintiff's argument differs from the one he presented to the district court, he needed to argue for plain error review.  United States v. Leffler, 942 F.3d 1192, 1196 (10th Cir. 2019).  But Plaintiff did not and his failure to do so "surely marks the end of the road for an argument for reversal not first presented to the district court."  Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1131 (10th Cir. 2011).

9

And even giving Plaintiff the benefit of the doubt and assuming he did argue to the district court that Pearce's purportedly different treatment affirmatively evidenced discriminatory intent, Plaintiff's argument would still fail. It is fundamental that to prevail on his disparate treatment argument Plaintiff must show he and Pearce were similarly-situated. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1232 (10th Cir. 2000) (A plaintiff may show disparate treatment "by providing evidence that he was treated differently from other similarly-situated, nonprotected employees who violated work rules of comparable seriousness."). But Plaintiff cannot meet this burden. In his briefing, Plaintiff does not contest that the PBTs accurately depicted his breath-alcohol levels. All the same, Plaintiff cries foul because the Sheriff did not give Pearce a breathalyzer test. The Sheriff did not, however, administer or request the administration of Plaintiff's breathalyzer tests—Park County personnel did. And Plaintiff does not contend Pearce was impaired. In fact, he testified in his deposition that Pearce did not appear impaired that morning. And no record evidence reveals that Pearce arrived at SCSO for work that morning with alcohol on his breath or acting in a way that might have triggered suspicion that he was drunk. So even if the Sheriff knew Plaintiff and Pearce were drinking buddies and had been together the night before, the lack of evidence establishing Pearce was drunk that morning precludes him from being a valid comparator for establishing discriminatory intent.

Ultimately, we recognize Plaintiff's burden of proving a prima facie case is not onerous, but to prevail he must produce *something* to show discrimination. He

10

has not done so, and his failure to offer any evidence supporting a causal connection between his alcoholism and discharge proves fatal to his claim.[5]

AFFIRMED.

Entered for the Court


Joel M Carson III
Circuit Judge

---

[5] Plaintiff appears to contend that the Sheriff's reason for terminating him was pretextual because he violated no SCSO policy. But even assuming he did not violate a policy by showing up drunk to his arraignment, Plaintiff's argument fails because we only reach pretext if Plaintiff establishes a prima facie case. Plaintiff failed to meet his initial burden of establishing a prima facie case, so we will not assess whether Defendant's articulated reason for terminating Plaintiff was pretextual.