MERRITT, J., delivered the opinion of the court, in which CLAY and GRIFFIN, JJ„ joined. GRIFFIN, J. (pp. 881-83), delivered a separate concurring opinion.
OPINION
MERRITT, Circuit Judge.
It is a well-established rule of this circuit that one panel cannot overrule the holding of another panel, absent an intervening inconsistent opinion from the U.S. Supreme Court. Susan Lewis, however, asks this panel to do just that. She complains that the jury considering her discrimination claim under the Americans with Disabilities Act (“ADA”) should have been instructed that, in order for her to prevail, her disability need only be the “motivating factor” for her termination, as required by a supermajority of our sister circuits, rather than the “sole” factor, as required by Monette v. Electronic Data Systems Corp., 90 F.3d 1173, 1178 (6th Cir.1996). Regardless of whether or not this holding of Monette is correct on the merits, this panel is powerless to overrule it. Accordingly, we AFFIRM the judgment of the district court.
*880 I. Background
Susan Lewis, a registered nurse, began working in July 2004 at Humboldt Manor Nursing Home (“Humboldt Manor”). At some time in September 2005, she alleged that she developed a medical condition that, “among other things, affected her lower extremities.” This condition, she alleged, made it difficult for her to walk and entirely prevented her from working for one month. When Lewis returned to work, she sometimes used a wheelchair.
Humboldt Manor terminated Lewis on March 20, 2006. Its alleged reason for her termination was an “outburst” by Lewis at the nurses’ station that occurred on March 15. Three employees of Humboldt Manor testified that during this outburst, Lewis yelled, criticized her supervisors, and used profanity. Lewis and another employee, Tom Collins, testified that Lewis was upset but did nothing inappropriate. Lewis believed that the true cause of her termination was her use of a wheelchair — i.e., her disability — and that Humboldt Manor had exaggerated the severity of her behavior in order to use it as a pretext for her termination.
Lewis filed suit in federal district court for wrongful termination under the ADA.[1] In her proposed jury instructions, Lewis requested that the jury must determine whether her perceived disability was a “motivating factor” in the termination decision. The district court, instead, mirroring its jury instructions on Monette v. Electronic Data Systems Corp., 90 F.3d 1173, 1178 (6th Cir.1996), told the jury that Lewis could recover only if her disability was the “sole reason” for the decision to terminate. The jury found in favor of Lewis on two of the three elements of her ADA claim: it determined that Humboldt Manor regarded her as disabled and that she was a “qualified individual” under the ADA. However, the jury found against Lewis on the third element: it determined that her disability was not the sole reason for her termination. Accordingly, the district court entered judgment in favor of Humboldt Manor. Lewis now appeals on a single issue: whether the district court erred by instructing the jury on the “solely” causation standard.
II. Analysis
The ADA prohibits discrimination “on the basis of’ disability. 42 U.S.C. § 12112(a). Of the ten circuits that have considered the contours of this causation standard, eight currently apply a “motivating factor” (or a “substantial cause”) test; that is, a plaintiff must prove that his disability was only a motivating factor of the adverse employment action in order to prevail. See, e.g., Pinkerton v. Spellings, 529 F.3d 513, 518-19 & n. 30 (5th Cir.2008) (collecting cases). The current law in the Sixth Circuit,[2] however, is that a plaintiff must prove that his disability was the “sole reason” for the adverse employment action. See Monette v. Elec. Data Sys. Corp., 90 F.3d 1173, 1178 (6th Cir.1996) (“To recover on a claim of discrimination under the [ADA], a plaintiff must show that ... he was discharged solely by reason of his handicap.”) (emphasis added).[3] *881 Lewis challenges the district court’s use of the “solely” standard in its instructions to the jury. In essence, she asks this panel to overrule Monette and join sides with the supermajority of the circuits.
“A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.” Salmi v. Sec’y of Health & Human Servs., 774 F.2d 685, 689 (6th Cir.1985). This principle also has been codified in the Sixth Circuit Rules. See 6th Cir. R. 206(c) (“Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court.”).
The parties do not cite any U.S. Supreme Court decision that is inconsistent with this circuit’s use of the “solely” standard, nor has our own independent research uncovered any. Moreover, on four separate occasions already, panels of judges on this circuit have refused to overrule Monette’s “solely” standard; each time, those panels cited Salmi to explain that their hands were tied. See Macy v. Hopkins County Sch. Bd. of Educ., 484 F.3d 357, 364 n. 2 (6th Cir.2007) (explaining that the panel was “bound by Monette” whether its reasoning “was correct or not”); Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 454 (6th Cir.2004); see also Layman v. Alloway Stamping & Mach. Co., 98 Fed.Appx. 369, 375-76 (6th Cir.2004) (unpublished); McLeod v. Parsons Corp., 73 Fed.Appx. 846, 858 (6th Cir.2003) (unpublished). Lewis provides no reason in her brief why this panel can overrule Monette when so many others held that they could not.
Accordingly, Sixth Circuit rules prevent this panel from overruling Monette’s holding that for a plaintiff to prevail on a discrimination claim under the ADA she must prove that she was terminated “solely” because of her disability. Unless that holding is overruled by the full Sixth Circuit sitting en banc or is undermined by an inconsistent decision from the U.S. Supreme Court, it remains good law in this circuit. Lewis’s jury instructions, which were based on Monette, were proper.[4]
III. Conclusion
For these reasons, we AFFIRM the district court’s judgment in favor of Humboldt Manor.

. Lewis's lawsuit also included a claim under the ADA's state-law counterpart, the Tennessee Disability Act, but that claim is not at issue in this appeal.

. The Tenth Circuit appears to be the only other circuit that currently employs the "solely” standard for ADA discrimination claims. See, e.g., Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir.2005); Williams v. Widnall, 79 F.3d 1003, 1005 (10th Cir.1996).

. The Sixth Circuit apparently adopted the "solely” causation standard for ADA claims from the Rehabilitation Act of 1973, which itself expressly requires sole causation, see 29 *881 U.S.C. § 794(a), due to the parallel nature of those two statutes. See Monette, 90 F.3d at 1177 (mentioning briefly, as justification for the "solely” standard, that "[t]he analysis of claims under the [ADA] roughly parallels those brought under the Rehabilitation Act”).

. To avoid the inefficiency of appealing to a panel that could not grant her the remedy that she seeks, Lewis could have filed a petition requesting that her appeal initially be heard en banc, rather than by this panel. See Fed. R.App. P. 35. Although en banc hearings are “not favored,” they may be ordered when "the proceeding involves a question of exceptional importance.” Fed. R.App. P. 35(a)(2). One such example is a case in which a panel decision "conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue.” Fed. R.App. P. 35(b)(1)(B). Of course, after this panel issues its opinion, Lewis may still move for rehearing en banc. See Fed. R.App. P. 40.