NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0245n.06

No. 09-5994

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 18, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| NICHOLAS BERNARD FULLER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: NORRIS, ROGERS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant-appellant Nicholas Bernard Fuller pleaded guilty to being a felon in possession of a firearm and was sentenced to 37 months of imprisonment. On appeal, Fuller challenges his sentence, asserting that the district court erred in calculating his Guidelines range. Finding no error, we affirm.

I.

In October 2008, a federal grand jury returned a one-count indictment charging Fuller with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On March 20, 2009, Fuller pleaded guilty to the charge.

Prior to sentencing, a presentence investigation report ("PSR") was compiled. The PSR recommended a base offence level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6), and a criminal history

category of IV, based upon 8 criminal history points. The PSR then afforded a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), yielding a total offense level of 12, and an advisory Guidelines range of 21-27 months of imprisonment.

The government objected to the PSR's Guidelines calculation, asserting that Fuller's base offense level should be increased as a result of his prior conviction for evading arrest in violation of Tennessee Code Annotated § 39-16-603(b)(1). Specifically, the government contended that this prior conviction constituted a "crime of violence," requiring a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A).

At sentencing, the district court sustained the government's objection and applied a base offense level of 20. Granting a three-level reduction for acceptance of responsibility, the district court determined that Fuller's total offense level was 17, rendering a Guidelines range of 37-46 months of imprisonment. The court thereafter imposed a sentence of 37 months. Fuller timely appealed.

II.

As his sole claim on appeal, Fuller asserts that the district court erred in assigning him a base-offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), contending that his prior conviction for evading arrest does not constitute a crime of violence. We do not agree.[1]

---

[1]The conclusion that an offense constitutes a "crime of violence" under the sentencing Guidelines is a question of law reviewed de novo. *United States v. Bass*, 315 F.3d 561, 564-65 (6th Cir. 2002).

"It is a well-established rule of this circuit that one panel cannot overrule the holding of another panel, absent an intervening inconsistent opinion from the U.S. Supreme Court." *Lewis v. Humboldt Acquisition Corp.*, — F.3d — , No. 09-6381, 2011 WL 906433, at *1 (6th Cir. Mar. 17, 2011). In this case, the claim of error presented by Fuller is *identical* to that addressed and resolved by this court in *United States v. Rogers*, 594 F.3d 517 (6th Cir. 2010). In *Rogers*, the defendant, like Fuller, had a prior conviction for evading arrest in violation of Tennessee Code Annotated § 39-16-603(b)(1). *Id.* at 520. Applying the "categorical approach," the *Rogers* court held that this offense is properly characterized as a crime of violence because it involves intentional conduct creating a serious potential risk of physical harm to others. *Id.* at 521.[2]

Fuller contends that his conviction for evading arrest does not constitute a crime of violence because he was convicted of a "Class E" felony rather than a "Class D" felony. The Tennessee evading arrest statute provides in relevant part:

> (b)(1) It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the officer to bring the vehicle to a stop.

***

---

[2]In determining whether an offense constitutes a crime of violence under the sentencing Guidelines, we utilize the "categorical approach," which requires that we "look only to the fact of conviction and the statutory definition - not the facts underlying the offense - to determine whether that definition supports a conclusion that the conviction was for a crime of violence." *United States v. Bartee*, 529 F.3d 357, 359 (6th Cir. 2008).

(3) A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony.

Tenn. Code Ann. § 39-16-603(b)(1), (b)(3). Relying upon this language, Fuller contends that his conviction for the less serious Class E felony requires a finding that the offense is not a crime of violence. However, *Rogers* addressed this very issue, holding that evading arrest under Tenn. Code Ann. § 39-16-603(b) constitutes a crime of violence "regardless of whether [the] evading-arrest offense was a Class E or a more serious Class D felony[.]" 594 F.3d at 521. We held that "the decision to flee . . . carries with it the requisite potential risk [to constitute a crime of violence], even if the resulting chase does not escalate so far as to create the actual risk of death or injury that would make it a Class D felony under Tennessee law." *Id.*

The holding of *Rogers* controls, and this panel lacks authority to overrule it. *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Indeed, Fuller does not attempt to distinguish the facts of *Rogers* from those presented here, nor does he cite any contrary and intervening Supreme Court authority. *See Lewis*, 2011 WL 906433, at *1. Therefore, in accordance with *Rogers*, we affirm the district court's holding that Tennessee's Class E felony for evading arrest while operating a motor vehicle is a "crime of violence" under the sentencing Guidelines.

III.

For the reasons stated above, we affirm.