NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0767n.06

No. 09-5994

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 16, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,  )
                                                     )
        Plaintiff-Appellee,                )         ON APPEAL FROM THE
                                                     )         UNITED STATES DISTRICT
        v.                                           )         COURT FOR THE WESTERN
                                                     )         DISTRICT OF TENNESSEE
NICHOLAS BERNARD FULLER,          )
                                                     )
        Defendant-Appellant.           )
                                                     )

BEFORE: NORRIS, ROGERS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

This court previously affirmed defendant Nicholas Bernard Fuller's sentence for being a felon in possession of a firearm. 18 U.S.C. § 922(g). Fuller argued that the district court erred in calculating his Guidelines range because his prior Tennessee conviction for Class E evading arrest, Tenn. Code Ann. § 39-16-603(b)(1), was not a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A). We disagreed and affirmed Fuller's sentence. *United States v. Fuller*, 419 F. App'x 655 (6th Cir. 2011).

The Tennessee evading arrest statute provides in relevant part:

(b)(1) It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the officer to bring the vehicle to a stop.

\* \* \*

> A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony.

Tenn. Code Ann. § 39-16-603(b)(1), (b)(3). Relying upon this language, Fuller asserted that his conviction for the less serious Class E felony required a finding that the offense was not a crime of violence. We rejected this contention, as this court had previously addressed and rejected this precise argument. *Fuller*, 419 F. App'x at 657 (citing *United States v. Rogers*, 594 F.3d 517, 521 (6th Cir. 2010)).

Following the issuance of our opinion, the Supreme Court held that an Indiana conviction for knowing or intentional flight from law enforcement is a "violent felony" under the Armed Career Criminal Act ("ACCA").[1] *Sykes v. United States*, 131 S. Ct. 2267, 2270 (2011). In so holding, the Court expressly reserved the issue presented by Fuller. *See id.* at 2277 ("The Government would go further and deem it irrelevant . . . whether a crime is a lesser included offense even in cases where that offense carries a less severe penalty than the offense that includes it. As the above discussion indicates, however, the case at hand does not present the occasion to decide that question."). In light of this statement, the Supreme Court vacated our decision, and the decision in *Rogers*, and remanded for further consideration. *Fuller v. United States*, 132 S. Ct. 755 (2011); *Rogers v. United States*, 131 S. Ct. 3018 (2011).

---

[1]"A 'crime of violence' under the career-offender provision is interpreted identically to a 'violent felony' under [the] ACCA." *United States v. Young*, 580 F.3d 373, 380 n.5 (6th Cir. 2009).

Since the Supreme Court issued its decision in *Sykes*, this court has once again decided that a Class E felony for Tennessee evading arrest qualifies as a violent felony under the ACCA. *United States v. Doyle*, 678 F.3d 429, 433 (6th Cir. 2012). Because we are bound by *Doyle*, we adhere to our previous decision that Fuller's Class E felony for Tennessee evading arrest is a "crime of violence."

The district court's judgment is affirmed.